## Otto G. Tuller and Mary F. Tuller
### v.
### Elisha Fox.

*Special Findings by Jury—Effect as to Instructions—When Error in Instructions Immaterial.*

1. When it appears clearly from the special findings what the jury determined to be the true state of facts, then the reviewing court will apply the principles of law to the facts thus found, and if the general verdict of the jury is the same that the law would pronounce upon the facts, the verdict will stand although erroneous instructions were given, provided the court can see that the erroneous instructions did not contribute to lead the jury to the special finding of facts.

2. Where an action was brought to recover back money paid by plaintiff to defendants as damages for debauching one defendant, who was the wife of the other defendant, on the ground that the husband was, unknown to plaintiff at the time, consenting to the adultery, and that there was a conspiracy between the defendants to entrap the plaintiff, *held,* the jury having found the existence of such a conspiracy by special verdict, a verdict for the plaintiff was the legal consequence.

[Opinion filed April 11, 1892.]

In error to the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Morrison & Whitlock, for plaintiffs in error.

Messrs. GEORGE W. SMITH and CHARLES A. BARNES, for defendant in error.

MR. JUSTICE BOGGS. This is a writ of error brought to obtain a reversal of a judgment rendered against the plaintiffs in error in the sum of $8,500, in favor of the defendant in error, in the Morgan Circuit Court, in an action of assumpsit upon a declaration containing the common money counts. It is clearly shown by the evidence and in fact conceded by all the parties, that the plaintiffs in error obtained from the defendant in error during the years 1887 and 1888 at different times large sums of money amounting in all to $11,600, and that during that period illicit sexual relations existed between the defendant in error and Mary A. Tuller, one of the plaintiffs in error, who is the wife of Otto G. Tuller, the other plaintiff in error. The contention of the plaintiffs in error is that the defendant in error debauched the wife, Mary, and that the various payments of money were made in settlement of damages, which the husband became legally entitled to have and demand for the wrong thus inflicted upon him, and that such payments were voluntarily made by the defendant in error with full knowledge of all the facts bearing upon his legal liability to the husband. The defendant in error is an old man of about the age of eighty-two years at the time of the trial. He has a wife and several sons and daughters. He claims that the plaintiff in error, Otto G. Tuller, the husband, was fully aware of the adulterous conduct of the wife and that the husband and wife conspired and confederated together to have it continued. That they arranged at one time that the husband should be absent in Missouri temporarily, during which time the wife was to induce the defendant in error to visit her at her home, and that the husband should, upon returning, pretend to have discovered the liason and assume great anger and secure money from the defendant in error by working on his fears and his weaknesses. That this scheme succeeded, and the sum of $3,000 was obtained from him as the result. That at another time the husband and

wife acted in concert in appointing a time and place when and where the wife should induce the defendant in error to visit her and have sexual intercourse with her, to enable the husband to surprise them in *flagrante delicto*. This ruse he claims succeeded, and that the husband came suddenly upon the wife and the defendant in error, while they were in the bedroom of the wife, and by threats that he would expose the defendant in error and his family to public shame and disgrace extorted the sum of $5,500 from him. The facts and circumstances in proof tended strongly to sustain the truth of each of these charges. The verdict, it will be observed, is for the amount of these two sums of money.

The jury in answer to interrogatories propounded to them, found specifically that " the money was obtained from the defendant in error, by the plaintiffs in error jointly, as the result of a conspiracy between them to illegally extort money from the defendant in error. That each of the plaintiffs in error had knowledge of the acts of the other in so obtaining the money, and that the defendant in error did not pay the money without compulsion nor with full knowledge of the facts connected with the transactions out of which the demands for the money arose."

There is sufficient evidence in the record to support and warrant these findings.

Counsel for plaintiffs in error say: " We insist that each of the instructions given for Fox (defendant in error) were misleading and erroneous; that the real and only question in the case was whether the payments made by Fox were voluntary payments, and if voluntary no recovery can be maintained." The instructions, it may be conceded, are not wholly free from objection, but the faults to be found in them are more technical than serious, and not of a character in any wise affecting the action of the jury in considering and answering the special interrogatories propounded to them. The sole function of instructions is to convey to the mind of the jury the correct principles of law applicable to the evidence submitted to them, in order that, having determined the final state of facts from the evidence, the jury may, by the application of the proper legal principles, arrive

at a correct conclusion according to the law and the evidence. When it can be known from the special findings what the jury determined to be the true state of the facts, then a reviewing court will apply the rules and principles of the law to the facts thus found, and if the general verdict of the jury is the same that the law would pronounce upon the facts, the verdict is right and must stand, though erroneous instructions were given, provided the court can see that the error in the instructions did not contribute to lead the jury to the special findings of fact.

The instructions complained of in the case at bar have application only to legal principles, and in no wise relate to any question of fact. Instructions, though erroneous, will not work a reversal unless the jury were or might have been misled by the error in such instructions. Brant v. Gallup, 111 Ill. 487.

Counsel for plaintiff in error say the real and only question is whether the money was paid by Fox voluntarily and with full knowledge of all the facts material to such payments. That money so paid can not be recovered, will not, we suppose, be questioned.

The jury, however, specially found that the defendant in error did not have full knowledge of the facts. He did not know that the husband was in fact consenting to and desiring the debauchery of the wife, and that both were confederating together to entrap him into the commission of acts of adultery with the wife for the purpose of enabling the husband to demand and extort money from him. Money thus obtained is as ill-gotten as though it had been secured by force instead of fraud, and the law awards its return in one case as in the other. The judgment rendered by the court against the plaintiffs in error *in personam* is affirmed.

We do not find in the record evidence to support the issue in attachment upon the part of the defendant in error, and the verdict and judgment upon the issues in attachment are reversed, and to that extent the cause is remanded.

The Circuit Court shall proceed to try the issue in attachment, if the defendant in error shall so desire.

*Affirmed in part and reversed in part.*