Biggerstaff, Appellant, v. New York, Chicago &
St. Louis R. Co., Appellee.

Gen. No. 46,922.

First District, Second Division.
February 19, 1957.
Released for publication April 2, 1957.

Henslee, Monek & Murray, of Chicago, for appellant; Francis H. Monek, and Melvin L. Griffith, of Chicago, of counsel.

Winston, Strawn, Smith & Patterson, for appellee; Douglas C. Moir, and Edward J. Wendrow, of Chicago, of counsel.

JUDGE McCORMICK delivered the opinion of the court.

The defendant, the New York, Chicago and St. Louis Railroad Company, was sued by Earl Biggerstaff in the Superior Court of Cook county under the Federal Employers' Liability Act to recover damages for injuries received by him as the result of defendant's alleged negligence in the course of his employment. The case was tried before a jury which returned a general verdict in favor of the defendant. The court entered judgment and subsequently overruled plaintiff's motion for a new trial, making the judgment final. This appeal is from that judgment.

The plaintiff here contends that the verdict of the jury was against the manifest weight of the evidence and that the court erred in submitting certain instructions and special interrogatories to the jury at the request of the defendant.

The cause of action grew out of an accident which occurred on April 13, 1950 at Bluffton, Indiana. The plaintiff was a patrolman employed by the defendant and on the day of the occurrence in question he rode to Bluffton in a "rider caboose" directly behind the engine of a freight train. The caboose was a converted

87

boxcar equipped with a stove, coal bunker, and two used passenger seats. When the train arrived at Bluffton the plaintiff left the caboose at the depot. The train went into the yards for the purpose of breaking up the train to pick up and deliver certain freight cars and to make up the train for its further trip. The plaintiff went about his duties, and later walked back through the yards to the rider caboose, which was standing on the "passing track." At this time there were several cars attached to the caboose, which were to go through as a part of the train. According to plaintiff, in a coupling operation the engine backed some cars into the cars attached to the rider caboose with such force as to knock him out of his seat and jam him into the coal bunker in such a manner as to force his right knee into the hollow back of his left knee, twisting his left leg, which struck the bunker at a point left of the shin bone about half way between the ankle and the knee. His leg pained him. He massaged it and he felt better. About twenty minutes later the conductor came to the caboose to report to the plaintiff an accident which had occurred a short distance away where some ladies had backed their automobile into the engine. The plaintiff testified that he told the conductor what had happened to him. This was denied by the conductor. Some two weeks later the plaintiff's left leg was amputated. There was a conflict in the medical testimony as to whether the physical condition of the plaintiff which required the amputation of the leg could or could not have been caused by the trauma which he claimed he had suffered at the time of the accident.

██ The jury returned a general verdict. Three interrogatories were submitted to the jury at the request of the defendant. The record shows no objection made by the plaintiff to the interrogatories. The first interrogatory was: "Was defendant guilty of negli-

gence in the manner in which it coupled the cars onto the caboose that plaintiff was within?" The second was: "Did any of the employees of defendant know, or have reasonable grounds for believing that plaintiff was inside of the caboose at the time of the occurrence in question?" The third was: "Was the amputation of plaintiff's left leg caused solely by any physical condition which he had prior to the occurrence in question?" All of the interrogatories were answered "No" by the jury. In order to show negligence it was necessary for the plaintiff to prove that the defendant negligently coupled the cars to the caboose and so caused injury to the plaintiff, and to show that the employees of the defendant either knew or had reasonable grounds for believing that the plaintiff was inside the caboose at the time of the occurrence. C. & O. R. Co. v. Mihas, 280 U. S. 102; Rogers v. New York, C. & St. L. R. Co., 328 Ill. App. 123. Interrogatories 1 and 2, which were answered "No" by the jury, covered both these issues. They are in accord with the general verdict.

■ The plaintiff argues that the verdict was against the manifest weight of the evidence and that the answers to the special interrogatories were not responsive to the evidence. In his motion for new trial the plaintiff calls attention to the giving of the three interrogatories and only says that the court erred in submitting them to the jury. He made no motion to strike the answers to the interrogatories, nor did he allege that they were contrary to the manifest weight of the evidence, though in the motion he did urge that the verdict was contrary to the manifest weight of the evidence. In Forslund v. Chicago Transit Authority, 9 Ill.App.2d 290, we held that where a finding is substantially conclusive of the fact upon which the issue of liability depended and the defendant had failed to object to the answer to the interrogatory in the motion for new trial, the reviewing court must consider the

89

special findings to have been fully sustained by the evidence, and in support we cited Voigt v. Anglo-American Provision Co., 202 Ill. 462; Weinrob v. Heintz, 346 Ill. App. 30; Brant v. Chicago & Alton R. Co., 294 Ill. 606; and Brimie v. Belden Mfg. Co., 287 Ill. 11. In Rubottom v. Crane Co., 302 Ill. App. 58, the court said: "Under the authorities there are several ways by which a party may escape from being conclusively bound by the special finding of a jury: (1) by specific objection to the special finding on the motion for a new trial, or (2) by filing a specific motion to set aside the special finding when the motion for a new trial is made." The error here assigned, that the jury's negative answers to two special interrogatories were against the manifest weight of the evidence, was not in any way preserved in plaintiff's motion for new trial, and the assignment of error falls within the rule announced in the above cases. In both Bowman v. Illinois Cent. R. Co., 9 Ill.App.2d 182, and Midden v. Allstate Ins. Co., 7 Ill.App.2d 499, relied on by plaintiff, the motion for new trial did specifically set up that the answer to the interrogatory therein was against the weight of the evidence. No objection in the instant case was made to the answers to the special findings on the ground that they were against the weight of the evidence, nor was any motion filed to set them aside. Under the law the question as to whether or not the verdict of the jury was against the manifest weight of the evidence is not before us.

The plaintiff also urges that the trial court erred in giving interrogatory No. 3, which was answered "No." However, no objection was made by the plaintiff before the trial court when the interrogatory was submitted, nor was any objection made to the submission to the jury of the other two interrogatories. In Weinrob v. Heintz, 346 Ill. App. 30, the plaintiff objected to the

90

submission of, and the answers to, special interrogatories given by the court to the jury. The court says:

"Section 65 of the Civil Practice Act (Par. 189, Sec. 65, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.065]) provides that special interrogatories shall be submitted to the adverse party before the commencement of the argument to the jury, and that submitting or refusing to submit a question of fact to the jury 'may be excepted to and be reviewed on appeal, as a ruling on a question of law.' The submission of each of the four interrogatories requested by defendant was a ruling on a question of law. Plaintiff did not object or except to the giving of any of the interrogatories. Section 80 of the Civil Practice Act states that no formal exception need be taken to any ruling or action of the court in any matter or proceeding in order to make such ruling or action a ground for review. We are not called upon to say whether section 65 of the Act requires a formal exception. An exception presupposes an objection. We are convinced that it is the duty of an attorney, who feels that there is no evidence to support a requested interrogatory or that for any other reason such interrogatory should not be given or should be modified, to make his position known before the interrogatory is submitted to the jury. A litigant should not be permitted to speculate on his chances for a favorable answer to the interrogatories and then raise objections which should have been raised in due time." (Citing Worthen v. Thomson, 343 Ill. App. 62.)

 Counsel cannot sit idly by and permit interrogatories, even though they are erroneous, to be submitted to the jury and then be given the advantage of properly predicating error thereon by urging it in a motion for new trial. We cannot consider plaintiff's contention with regard to the improper submission of the interrogatories.

91

■ The plaintiff also urges with respect to the third interrogatory, by which the jury found that the amputation of the plaintiff's leg was not caused solely by any physical condition which he had prior to the occurrence in question, that even if it were properly submitted, the answer was inconsistent with and controlled the general verdict. In order to succeed, the plaintiff must prove negligence on the part of the defendant and also that the negligence was in some degree the proximate cause of the amputation of his leg. The interrogatory found that the amputation of plaintiff's leg was not caused solely by a physical condition which he had had prior to the occurrence in question. If we assume that the finding was that the occurrence was a contributing proximate cause of the amputation, it would also be necessary for the jury to find that the negligence of the defendant was a proximate cause of any injury which the plaintiff might have suffered at the time and place in question. In other words, it is a finding on only one element of the necessary concomitants of the general verdict, and consequently does not control it. As we have pointed out, the plaintiff did not object to the giving of the interrogatory and has no right to here urge that it was improperly given. The only objection he made to it in his motion for new trial was that because of its wording in connection with the instructions it would convey to the jury the impression that the court was of the opinion that the plaintiff's left leg was not lost through the negligence of the defendant. The contention of the plaintiff has no merit.

■ The plaintiff further urges that the trial court erred in giving to the jury improper instructions. The instructions and the objections thereto were properly set out in full in plaintiff's motion for a new trial. However, under the view which we have taken, that interrogatories 1 and 2 answered adversely to the

92

plaintiff's cause by the jury were controlling on the question of negligence, any instructions which did not tend to produce those special findings of fact cannot be considered by us. In Vischer v. Northwestern El. R. Co., 256 Ill. 572, the court said:

"The jury returned a special finding that no servant of the defendant was guilty of negligence in any act or omission contributing to the cause of the accident, which was controlling, regardless of the nature of the general verdict, and necessitated a judgment for the defendant. Any error not affecting or tending to produce that special finding would not be cause for the reversal of the judgment, since that ultimate fact was conclusive against the right to recover."

Also see Pennsylvania Coal Co. v. Kelly, 156 Ill. 9; Tuller v. Fox, 46 Ill. App. 97. However, there are two instructions which are closely connected with the special interrogatories and hence they can properly be considered. The first instruction is as follows:

"If you find from the evidence that defendant coupled onto the caboose that plaintiff was within, with ordinary care, then you should find the defendant not guilty."

Plaintiff urges that this instruction has no evidentiary support, and argues that the coupling in question was described only by him and that if the accident occurred as he described it the implication of negligence on the part of the defendant was inescapable. He also contends that the coupling which the engineer in his testimony indicated was properly made was another and subsequent coupling and not the one involved. From the evidence in the record the jury could find that the coupling referred to by the plaintiff and the one referred to by the engineer and the other crew members were one and the same, or the jury might infer that the coupling referred to by the plaintiff occurred prior

93

to the one described by the engineer. The jury has the duty of resolving contradictory evidence. All that is required in order to justify the giving of an instruction is that there is some evidence in the record to support the theory set out in the instruction. In addition, the engineer testified that all the switching done that day was done in the ordinary and customary manner. Here, while the evidence was conflicting, the question as to whether the defendant acted negligently at the time when the plaintiff was in the caboose was properly before the jury and the giving of the instruction was not error.

The second instruction complained of is:

"The court instructs the jury that, if you find from the evidence that defendant did not know, and had no grounds for believing, that plaintiff was inside of the caboose at the time of the occurrence in question, then you should find defendant not guilty."

This instruction also refers to an issue which was properly before the jury. Plaintiff argues that the evidence in the record must be considered as being conclusively in his favor, that the only inference which could possibly be drawn therefrom was that the defendant knew that he (plaintiff) was inside the caboose at the time of the occurrence, hence there was no issue on this fact before the jury and therefore this instruction should not have been given. He bases this on the fact that after the automobile accident the conductor, seeking the plaintiff, went to the caboose and found him there. However, there is nothing in this evidence from which it must be conclusively inferred that the conductor either knew or had reasonable grounds to believe that at the time in question the plaintiff, or anyone else, was in the caboose. It was a question of fact for the jury. The plaintiff also argues that it was admitted by the defendant in his answer that at the time of the occurrence it either knew or had reasonable

grounds for believing that the plaintiff was in the caboose. The pleadings, however, do not bear out this contention inasmuch as the only admission which was made was that the plaintiff at the time of the occurrence was sitting in the caboose, but there is no admission that the defendant either knew or had reasonable grounds to believe that at the time of the occurrence the plaintiff was in the caboose. We find no reversible error in the rulings of the trial court.

The judgment of the Superior Court of Cook County is affirmed.

Judgment affirmed.

ROBSON, P. J. and SCHWARTZ, J., concur.