## 17353

JAMES BENJAMIN CHESSER, Appellant, v. CLAUDE TAYLOR, EDITH TAYLOR, MR. CURTIS SORAH and MRS. CURTIS SORAH, Partners, d/b/a Wise Produce Company and Charles Mack Mullins, Respondents

(100 S. E. (2d) 540)

*Messrs. Thomas & Kemmerlin* and *William E. Chandler, Jr.,* of Columbia, *for Appellant,*

*No Attorneys for Respondent.*

November 14, 1957.

Moss, Justice.

This action was commenced by the appellant, James Benjamin Chesser, to recover actual and punitive damages for injuries sustained by him when the lower part of his body was crushed by a backing truck owned by the respondents, Claude Taylor, Edith Taylor, Curtis Sorah and Mrs. Curtis Sorah, partners doing business as Wise Produce Company, and being operated at the time by the respondent, Charles Mack Mullins. The amended complaint alleges that on June 11, 1955, at the State Farmers Market in Columbia, South Carolina, the respondents operated a produce truck in a negligent, careless, reckless, willful and wanton manner, thereby inflicting serious and permanent injuries upon the appellant. The answer of the respondents contained a general denial and asserted that the injury to the appellant was caused and occasioned by his sole and contributory negligence, wantonness, willfullness, recklessness and carelessness.

The case was tried before the Honorable William H. Grimball, presiding Judge, and a jury, at 1957 term of Court of Common Pleas for Richland County, South Carolina. At the close of the evidence on behalf of the appellant,

the respondents moved for a nonsuit, which motion was denied. At the close of all the evidence, the respondents moved for a directed verdict on the ground that the evidence did not show any negligence on the part of the respondents, and even if there was testimony to show such negligence, that the appellant was guilty of contributory negligence. This motion was granted by the trial Judge upon the ground that the only inference to be drawn from the testimony was that the appellant's injury was the result of an accident; and that the appellant was guilty of not only simple negligence but gross negligence, carelessness, willfullness and wantonness, which contributed as a direct and proximate cause to his injury and damage.

The appellant, by appropriate exceptions, challenges the ruling of the trial Judge and asserts that the evidence was sufficient to submit to the jury on the question of the negligence, recklessness and willfulness of the respondents; and whether or not there was contributory negligence, recklessness and willfullness on the part of the appellant. In order to pass upon this question, a review of the testimony is necessary.

At the time of the injury to the appellant he was an employee of State Farmers Market in Columbia, South Carolina. It was his duty to load purchases of produce on the trucks of customers who had purchased same at the market. It appears that on June 11, 1955, the truck of respondents was at the market for the purpose of transporting tomatoes and other produce, purchased by the respondents. The evidence shows that frequently, because of overcrowded conditions at the market, there were not sufficient stalls, and, quite often a single stall was used to accommodate two trucks, although designed for only one. The evidence shows that at the time of the injury to the appellant an unidentified truck was already occupying a stall and that the truck of the respondents was parked with its rear end opposing the rear end of the truck already in the stall. There was a space variously estimated to be from two to six feet between the

rear ends of the two trucks, and appellant worked in the space between the rear ends of the two trucks while loading the truck of respondents with tomatoes. After he had completed the loading of the tomatoes and as he was standing at the rear of such truck, straightening up some boxes of corn on the unidentified truck, suddenly and without warning the respondents' truck backed up and crushed the appellant between the rear ends of the two trucks, inflicting serious injuries, not only to his legs and hips, but also causing internal injuries.

There is testimony that after the truck of respondents had been loaded, that Claude Taylor, one of the respondents, walked between the rear ends of the two trucks, closed the door of his truck and gave the signal to the driver, Charles Mack Mullins, to proceed forward. Instead of moving forward into the street the truck of respondents moved backwards and crushed the appellant against the unidentified truck. A witness for the appellant describes the incident in the following language:

"He started his motor up, and instead of going forward, he backed back on him. I yelled out for him to get off of him, and instead of getting off, he came back harder, and pushed this other truck, Truck No. 2, on down."

The evidence shows that the respondents knew that the appellant was standing in the space between the rear ends of the two trucks at the time the order was given by Claude Taylor for the truck to "pull out". Taylor testified that he warned the appellant to get out of the way. This is denied by the appellant. It is also in the testimony that there was no reason for the truck to be driven backwards. The order and direction was for the truck to go forward and this instruction was given by Claude Taylor in the presence of the appellant. The appellant would have the right to assume that the truck would be driven forward pursuant to the direction given rather than backward.

The testimony on behalf of the respondents is that their truck choked down after the motor was started and that it

rolled back, and in the course of this operation pinned the appellant against the other truck. The driver of the truck admitted that he gave no warning of any kind that the truck would be driven backwards. The testimony also shows that the stall and surrounding area at the market was level pavement.

The evidence is conflicting as to why the truck of the respondents moved backwards. One inference is that the driver, by mistake, shifted the gears of the truck to or allowed them to remain in reverse. Another inference is that the truck choked down after the motor was started and that it was permitted to roll back and upon the appellant.

It should also be observed that if the respondent, Claude Taylor, had given directions to the driver of the truck, in the presence of the appellant, for the truck to go forward, there was no reason for the appellant to believe that the truck would be driven backwards, contrary to the order given. The appellant would have a right to assume that the order to go forward would be obeyed.

The testimony heretofore recited shows that the evidence is contradictory in many particulars, except that the appellant was injured. In view of the contradictory nature of the evidence given in this case, more than one reasonable inference can be drawn therefrom. The trial Judge could not, as a matter of law, reach a conclusion on the facts or the inferences to be drawn therefrom when such facts are contradictory and in dispute. When such is the situation, it is the duty of the trial Judge to submit such questions of fact to the jury for determination.

In the case of *Cox v. McGraham,* 211 S. C. 378, 45 S. E. (2d) 595, 596, this Court said:

"The testimony of the defendants is contradictory in almost every respect except that there was a collision. However, when a motion is made by the defendant for a directed verdict in his favor, the evidence in the cause must be considered most favorable to the plaintiff in determining whether

or not the motion should be granted; and if more than one inference can reasonably be drawn therefrom, it is the duty of the trial judge to submit the case to the jury. *Crews v. Sweet,* 125 S. C. 303, 118 S. E. 613, 29 A. L. R. 43; *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143; *Lower Main Street Bank v. Caledonian Insurance Co.,* 135 S. C. 155, 133 S. E. 553; *Lynch v. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449.

"Not only should questions of fact be submitted to the jury when they are in dispute, but the jury must also pass upon the question of inferences to be drawn from such facts after they have been determined. See *Anderson v. Hampton & Branchville R. & L. Co.,* 134 S. C. 185, 132 S. E. 47; and in the case of *Keistler Co. v. Aetna Ins. Co.,* Hartford, Conn., 124 S. C. 32, 117 S. E. 70, it was held that a case should be submitted to the jury not only when the testimony is conflicting, but when the inferences from such testimony are in doubt. *Waring v. South Carolina Power Co.,* 177 S. C. 295, 181 S. E. 1.

"Contributory negligence was alleged in the Answer and conflicting testimony heard relating thereto; therefore, this question should also have been submitted to the jury for their determination as the same rule applies to the question of contributory negligence. Where more than one inference can reasonably be drawn from the testimony, such testimony being viewed most favorably to the plaintiff, it is the duty of the trial judge to submit this issue to the jury for its determination. *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101."

It has also been held that in determining the question of whether or not there was sufficient evidence to warrant submission of the case to the jury, it must be kept in mind that an injury may have occurred in one of several ways and does not defeat a plaintiff's right of recovery if the evidence tends to sustain the reasonable probability of the one relied on by such plaintiff. *Scott v. Meek,* 230 S. C. 310, 95 S. E. (2d) 619.

It is provided in Section 46-492 of the 1952 Code of Laws of South Carolina that:

"The driver of a vehicle shall not back it unless such movement can be made with reasonable safety and without interfering with other traffic."

The appellants assert, and there is a reasonable inference that a jury could draw, that the truck in question was driven backward without taking any due precaution for the safety of any person that might be affected by such operation. If the respondents violated this statute, such would constitute negligence *per se,* and it would be a question for the jury to determine whether or not such violation contributed as a proximate cause to plaintiff's injury. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15.

In the case of *Butler v. Temples,* 227 S. C. 496, 88 S. E. (2d) 586, 588, this Court said:

"Moreover, it is well-established upon reason and authority that the backing of a motor vehicle is attendant with unusual danger to one who may be in its path and requires commensurate care on the part of the operator of the vehicle. 5 Am. Jur., Automobiles, Secs. 328 *et seq.* Annotations, 67 A. L. R. 647 and 118 A. L. R. 242. Blashfield, Secs. 1101, 1102. *Carroll v. Lumpkin,* 146 S. C. 178, 143 S. E. 648. *Benedict v. Marks Shows,* 178 S. C. 169, 182 S. E. 299. * * *"

We conclude, after consideration of the evidence revealed by the record, and in the light of the foregoing principles of law, that the trial Judge erred in directing a verdict for the respondents. There was sufficient evidence from which the jury could have found that the respondents were guilty of negligence and willfullness, and, likewise, the question of whether the appellant was guilty of contributory negligence and willfullness was a question for the jury.

Judgment reversed and new trial granted.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.