Ruth McCormack, Appellee, v. Wayne T. Haan and Thomas Haan, et al., Appellees. (Neil M. Foulds as Administrator of the Estate of Patrick L. McGann, Deceased, Appellant.)

Gen. No. 11,279.

Second District, Second Division.

April 26, 1961.

On remand.†

† For original opinion, see 23 Ill App2d 87.

 ██ 

Dixon & Gunner, of Dixon, for appellant.

Bull, Ludens & Potter, of Morrison, and Fearer & Nye, of Oregon, for appellee.

WRIGHT, J.

The plaintiff brought this action to recover for personal injuries she sustained while riding as a guest in an automobile driven by her brother-in-law, Patrick L. McGann. The McGann automobile was struck by an automobile owned by Thomas Haan and driven by his minor son, Wayne T. Haan. There were four occupants in the McGann automobile and only the plaintiff survived. The defendants were the two Haans and Neil M. Foulds, administrator of the estate of Patrick L. McGann. The jury returned a verdict of not guilty as to the Haans and a verdict for $15,000.00 for the plaintiff against the administrator.

Judgment was entered on both verdicts. The administrator appealed to this court from the judgment against him and the plaintiff cross-appealed from the judgment in favor of the Haans. This court held that the abstract did not properly present the errors relied upon by the plaintiff in her cross-appeal against the Haans, and affirmed the judgment in their favor. Up-

on the administrator's appeal, this court held that "the testimony of plaintiff constituted binding judicial admissions which made it the duty of the trial court to direct a verdict in favor of the defendant administrator" and reversed the judgment. (McCormack v. Haan, 23 Ill.App.2d 87, 98, 161 N.E.2d 599.)

The Supreme Court allowed plaintiff's petition for leave to appeal to that court and on review the Supreme Court held that this court erred in concluding that the testimony of plaintiff constituted a binding judicial admission which made it the duty of the trial court to direct a verdict in favor of the defendant administrator and further held that the jury under all of the testimony adduced in the case could find that McGann was guilty of wilful and wanton misconduct, and reversed the judgment of this court and remanded the cause to this court with directions to pass upon the other questions raised upon this appeal. (McCormack v. Haan, 20 Ill. 2d 75, 169 N. E. 2d 239.)

In addition to the questions passed on by the Supreme Court, the defendant administrator in his original appeal to this court contended that the evidence disclosed that the plaintiff was guilty of contributory wilful and wanton misconduct as a matter of law and that the trial court should have directed a verdict for defendant administrator. In support of this contention, the defendant argues that the plaintiff, a passenger in the McGann automobile, was guilty of the same degree of misconduct as was McGann, and that if McGann was guilty of wilful and wanton misconduct then the plaintiff was guilty of wilful and wanton misconduct which proximately caused or contributed to her injury for the reason that she testified on the trial of the case that she was sitting in the front seat of the McGann car to the right of the driver; that McGann, the driver, pulled past the stop sign and stopped at a point where there was a clear view in

313

both directions; that McGann looked in both directions after he pulled up close to the east-west road and that she looked to the right and said "clear right"; that she did not see the car approaching from the left prior to the impact and that she said nothing to the driver at any time before the impact to warn him of impending danger.

■■ This argument is without merit for the reason that it overlooks the fact that McGann and not the plaintiff was driving and had control of the automobile in which plaintiff was riding as a passenger. The driver of an automobile synchronizes his speed to the time, place and duration of his own observation and not to that of his passenger. The passenger not being forewarned as to how the driver of an automobile expects to operate it in a particular situation is at a disadvantage and makes his observation under difficulties. It is confusing and disturbing to a driver of an automobile to have a passenger suggesting how he shall drive. Unless the passenger sees an obvious danger which the driver might not see, there would be no duty on the passenger to warn the driver. The plaintiff in this case had a right to assume that McGann was looking carefully and to relax her diligence accordingly on the assurance that he was watching out for her safety because she was a passenger having no control over the operation of the automobile. Kunz v. Larson, 15 Ill. App. 2d 126, 145 N.E.2d 746.

■ Whether or not plaintiff was guilty of contributory wilful and wanton misconduct which caused or contributed to her injury was a question for the jury.

In the alternative, defendant further contends that the trial court erred in giving certain instructions, in submitting forms of verdict and argues that the verdict is excessive.

■■ The trend of judicial opinion reveals a reluctance to reverse a case on the ground of technical

314

errors in jury instructions; hence, courts have reiterated that the instructions will be considered as a whole and where the jury has not been misled and the complaining party's rights have not been prejudiced by minor irregularities, such errors will not be deemed grounds for reversal. Duffy v. Cortesi, 2 Ill. 2d 511, 119 N. E. 2d 241. It is sufficient when the instructions considered as a whole sufficiently present the law of the case fairly to the jury. Ritzman v. The People, 110 Ill. 362. We believe when the jury instructions in the instant case are considered as a whole the jury was properly instructed on all of the law involved and that no reversible error was committed in the giving of the jury instructions.

█ We have examined the forms of verdict submitted to the jury and do not find that any reversible error was committed by the trial court in submitting the forms of verdict. Further, an examination of the abstract of record does not disclose that defendant administrator made any objection to the forms of verdict at the conference to settle jury instructions, nor that he tendered any different forms of verdict. If a party wishes to object to the forms of verdict, he should do so at the conference to settle jury instructions and point out to the trial court where the forms of verdict are defective and prejudicial to his rights.

We have considered the testimony adduced at the trial with reference to plaintiff's injuries and we cannot say that the verdict in this case is excessive.

For the reasons herein stated, the judgment order of the Circuit Court of Ogle County is affirmed.

Affirmed.

SPIVEY, J., concurs.

CROW, P. J., concurs.