Helen Hitt, Administratrix of the Estate of Norman M. Hitt, Deceased, and Rogers Cartage Company, a Corporation, Plaintiffs-Appellants, v. Delmar B. Langel, Administrator of the Estate of Ernest C. Langel, Deceased, Defendant-Appellee.

Gen. No. 67–57.

Fifth District.

March 29, 1968.

MORAN, J., dissenting.

Chapman, Strawn & Kinder, of Granite City, and Burroughs, Simpson & Burroughs, of Edwardsville, for appellants.

James L. Reed, Reed, Armstrong and Gorman, of Edwardsville, for appellee.

EBERSPACHER, P. J.

This is an appeal from a judgment for the defendant in an action for wrongful death and property damages.

The action was brought by Helen Hitt, the administratrix of the estate of Norman M. Hitt, deceased, and Rogers Cartage Company, a corporation. The cause of action was based upon a collision wherein the plaintiff's decedent driving a gasoline tanker truck owned by Rogers Cartage Company was involved in a collision with an automobile driven by Ernest C. Langel. As a result of the collision both the plaintiff's decedent and Ernest C. Langel were killed. Delmar B. Langel, the administrator of the estate of Ernest C. Langel, deceased, was named as the party defendant.

The collision occurred on December 30, 1964, at approximately 4:30 p. m. Norman Hitt was driving his truck in a northerly direction on Route 66 near Hamel,

Madison County, Illinois. It was a clear day and the highway was dry. At this particular point Route 66 consists of two northbound lanes and two southbound lanes with a median strip dividing them.

From the evidence it appears that a man and wife by the name of Pattingale driving a 1956 Chevrolet automobile in the northbound lane had developed mechanical trouble and had parked their automobile on the shoulder to the right of the northbound lanes. The Pattingales had emerged from their automobile. Shortly thereafter a new Chrysler automobile driven by Ernest Langel also driving in a northerly direction with his wife as a passenger approached the Pattingale automobile. The Langels stopped their automobile in the right-hand lane about 100 to 200 yards in front of the place where the Pattingale car was parked in an apparent effort to render aid to the Pattingales. Moments later James Lamble, a witness, traveling north on Route 66, approached the scene from the south. He observed the Pattingale automobile, the Pattingales a short distance in front of their automobile walking north and the Langel automobile sitting in the right lane, at a slight angle. As the witness Lamble passed the Langel Chrysler, it appeared to be backing toward the shoulder very slowly. Mr. Lamble testified that immediately after passing the Langel car he pulled back into the right-hand lane and looked into his rearview mirror and observed a truck colliding with the Langel car and burst into flames.

There was about one-half mile of straight highway to the south of the place where the Pattingales parked their automobile. The highway gradually inclines and reaches a crest approximately 1,100 feet beyond the Pattingale automobile.

The Pattingales testified that after they parked their car on the shoulder they got out of their car and were walking north on the shoulder. They testified they saw the Langel car stop abruptly about 100 to 200 yards in

front of their car and witnessed its movements prior to the collision. They testified that as the Langel car came to a halt the engine died. It was restarted and backed up 20 to 30 feet, then pulled forward 25 feet and was backing up again very slowly in the center of the outside lane at the time of the collision. They further testified that the truck did not appear to either slow or swerve either right or left prior to the collision. It appears that the Pattingales had walked about 70 feet between the time that the Langels stopped the car and the collision occurred.

Mr. Pattingale testified that as the truck passed him he saw a station wagon in the lane next to the truck also going north and that the front of the station wagon and that of the truck were pretty much in line. Mrs. Pattingale and Mr. Lamble testified that they did not see the station wagon.

There was also evidence that the plaintiff's decedent had gone on duty between 4:00 and 5:00 a. m. that morning.

Upon this evidence the jury rendered a general verdict for the defendant and against both the plaintiff Hitt for the wrongful death and the plaintiff corporation for the loss of its truck. The court entered judgment on the verdict from which both plaintiffs appeal.

In support of the plaintiffs' effort to reverse the judgment, the plaintiffs allege that the court erred in failing to withdraw the issue of the defendant's negligence from the jury, that the verdict was against the manifest weight of the evidence, that the jury was improperly instructed, and that the court abused its discretion in not allowing a new trial due to the improper instruction.

Turning first to the specific allegations of error, the plaintiffs allege that two of the defendant's instructions were erroneously given, that one of the plaintiffs' instructions was erroneously refused and that the court erred in giving the jury a general form of verdict.

The first instruction which the plaintiffs find objectionable is Defendant's Instruction No. 7. The instruction is IPI No. 60.01, which provides:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

" 'No person shall drive any vehicle upon any public highway of this state at a speed which

" '(1) Is greater than is reasonable and proper with regard to traffic conditions and the use of the highway or endangers the safety of any person or property, or,

" '(2) Is greater than the applicable maximum speed limit. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when special hazard exists with respect to other traffic and speed shall be decreased as may be necessary to avoid colliding with any vehicles on the highway in compliance with legal requirements and the duty of all persons to use due care.'

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether a party was contributorily negligent before and at the time of the occurrence."

The basis of the plaintiffs' objection is that the defendant injected into the case by way of instruction a statute which had no bearing on the factual situation and created an issue which had never been presented by pleading or evidence. Their argument continues that the evidence was that the day was clear, the pavement dry and that in the opinion of the witnesses the speed of the truck was from

392

50 to 55 m. p. h. and the speed limit for trucks was 55 m. p. h.

In Wrighthouse v. Brown, 52 Ill App2d 191, 196, 201 NE 2d 752 (1964), the Appellate Court, Fourth District, passed upon an instruction substantially the same as Defendant's No. 7. In passing on an objection much the same as is urged in this case, the court said:

 " 'It is elementary that every party has the right to have the law applicable to his case stated fairly, clearly, distinctly and conveyed to the jury with substantial accuracy so that it may not be misled to the prejudice of the party (citing cases). He has the right to have the jury instructed upon his theories of recovery or defense (citing cases). Failure to give a party these rights which are tantamount to a fair and just trial, whenever the case is close upon its facts or the evidence conflicting, and the failure is material, requires that the verdict be set aside, the judgment reversed and the cause remanded for new trial.' Sims v. Chicago Transit Authority, 7 Ill App2d 21, 29, 30, 129 NE2d 23. Each party is entitled to have the court instruct the jury on his theory of the case, provided that there is an evidentiary basis for the instruction. 'All that is required in order to justify the giving of an instruction is that there is some evidence in the record to support the theory set out in the instruction.' Biggerstaff v. New York, C. & St. L. R. Co., 13 Ill App2d 85, 94, 141 NE2d 72. 'The law is well settled that each party to a cause of action is entitled to direct and specific instructions embracing his theory of the facts where his evidence tends to prove such facts.' Kirchner v. Kuhlman, 334 Ill App 339, 346, 79 NE2d 628. The issue of speed, as much as any other particular act of a party, is for the jury. Such an instruction calls upon the jury to examine all the facts

and circumstances in evidence including the speed of the vehicles and then decide whether a party should have reduced his speed to avoid a collision. The fact that a party's speed was lower than the applicable maximum does not relieve that party from reducing his speed under certain circumstances."

■■ In the instant case, the fact that there was no evidence that the plaintiff had exceeded the speed limit does not make the instruction improper. The jury heard evidence not only on the speed of the plaintiffs' truck but also the hazard with which the plaintiff was confronted and the circumstances and conditions under which the hazard arose. The jury was succinctly instructed by Instruction No. 7 that the speed of a vehicle on a highway should be governed by the traffic conditions and that adherence to the speed limit does not relieve the driver from duty of decreasing his speed under certain circumstances. Under the facts and circumstances of the case the issue of speed and whether the plaintiff should have reduced his speed was clearly a question for the jury.

■ Plaintiff contends that since there was no evidence of speed in excess of the statutory limit, and defendant did not plead a statutory violation, that even though the plaintiff's speed may be considered by the jury, defendant is not entitled to have IPI No. 60.01 given. When a defendant denies the plaintiffs' allegation of due care and caution, he may instruct the jury on a statutory violation by the plaintiff if it relates to the plaintiffs' due care and there is evidence to support it. It is not necessary for the defendant to plead the statute in his answer; their general denial was sufficient to raise the issue. Carter v. Winter, 50 Ill App2d 467, 200 NE2d 528 (1964). The court did not err in giving the instruction.

■ The second instruction objected to by the plaintiffs was not preserved for review. At the instruction

conference neither plaintiffs objected to the instruction. Savage v. Blancett, 47 Ill App2d 355, 360, 198 NE2d 120 (1964).

The third instruction involves plaintiffs' Instruction No. 9 which the court refused to give. The instruction provided:

> "The law does not require a person to act with deliberation and care in the face of an unexpected danger not caused by his own negligence."

██ We note that the instruction is not an IPI instruction and as provided in Supreme Court Rule 239(a) instructions not in IPI are only given when the trial court determines that the jury should be so instructed. We further note that the drafters of the Illinois Pattern Instructions recommended that no instructions be given on this subject concluding that it was argumentative, stated an obvious fact about human behavior and under many circumstances would lead to reversible error. See IPI No. 12.02 and Culp v. Olive, 45 Ill App2d 396, 195 NE2d 729. We do not entirely agree with the recommendation of the drafters of IPI and can visualize or hypothecate situations in which such instruction would be proper, but under the record in this case, even assuming the instruction should have been given, we find the error to be harmless.

The plaintiffs further allege that the court erred in its submission of a general form of verdict rather than a form of verdict based on negligence as charged in Count I of the complaint and a form of verdict based on wilful and wanton misconduct as charged in Count II of the complaint. Here again the plaintiffs failed to object to the form at the instruction conference or when it was read to the jury. The silence of the plaintiffs has precluded review. McCormack v. Haan, 30 Ill App2d 311, 174 NE2d 206 (1961).

Our review of the instructions given and refused and the objections thereto, leads us to the conclusion that the court did not abuse its discretion in failing to grant a new trial in this regard.

The plaintiffs next allege that the defendant was negligent as a matter of law and that that issue should have been withdrawn from the jury. The general rule is that negligence and contributory negligence are questions of fact for the jury, and so long as a question remains whether either party has performed his legal duty or has observed that degree of care imposed upon him by the law, and the determination of that question involves weighing and the consideration of the evidence, the question must be submitted as one of fact, Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164 (1960); Peterson v. Hendrickson, 335 Ill App 223, 81 NE2d 266 (1948). Even where the facts are admitted or undisputed but where a difference of opinion as to the inference that may legitimately be drawn from them exists, the questions of negligence and contributory negligence ought to be submitted to the jury. It is primarily for the jury to draw the inference. Piper v. Lamb, supra.

In the light of the authority of these cases, this court cannot say as a matter of law that the defendant was negligent nor that the trial court erred in failing to take that issue away from the Jury. It is clear that the defendant violated the statute by stopping on the highway. However it has been held that a violation of the Motor Vehicle Act does not constitute "negligence per se." Piper v. Lamb, supra; Burke v. Zwick, 299 Ill App 558, 20 NE2d 912 (1939). The jury was also instructed to consider the other facts and circumstances which in our opinion included the evidence that it was a clear day, the highway was dry, that vehicles approaching from the south had an unobstructed view of at least a half mile, that the highway consisted of two northbound lanes affording drivers the opportunity to change lanes and

that in fact at least one driver passed the defendant as he was stopped on the highway. Although some of these circumstances bear more directly upon the issue of the contributory negligence of the plaintiff, it could also be inferred that the defendant was aware of these circumstances which bears on the issue of his negligence. The evidence is such that neither this court nor the trial court would be justified in determining as a matter of law that the defendant was negligent.

 The next point raised by the plaintiffs is that the verdict is against the manifest weight of the evidence. As this court stated in Brayfield v. Johnson, 62 Ill App2d 59, 210 NE2d 28 (1965) and again in Frozen Food Express v. Modern Truck Lines, Inc., 79 Ill App2d 84, 223 NE2d 275 (1967):

> "A court of review can set aside a verdict as being against the manifest weight of the evidence only when it is obvious or clearly evident that the jurors have arrived at an incorrect result. Romines v. Illinois Motor Freight, Inc., 21 Ill App2d 380, 158 NE2d 97 (1959). It is for the jury alone to determine the credibility of witnesses and the weight of the evidence on controverted questions of fact. A verdict based on conflicting evidence and approved by the trial judge should not be disturbed on appeal unless contrary to the manifest weight of the evidence; that is, an opposite conclusion must be clearly evident, clear, plain, indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 72 NE2d 705 (1947)."

As stated above, the plaintiffs' complaint contained two counts. The first charged the defendant with negligence and the second with wilful and wanton misconduct. Since the jury returned a general form of verdict, it is impossible to determine the basis of the jury's finding on each count.

■ It appears from the evidence that the plaintiff had been on duty for no less than twelve hours, that plaintiff was in a position where he could have discovered the emergency at a distance of approximately one-half mile, that another automobile some distance ahead of the plaintiff did avert a collision and that the plaintiff neither swerved nor slowed his vehicle preceding the collision. In light of these circumstances we cannot say that the verdict was against the manifest weight of the evidence, even though had we sat as triers of fact, we might have reached a different result.

For the reasons stated, the judgment is affirmed.

GOLDENHERSH, J., concurs.

MORAN, J., dissenting:

In my opinion, defendant's intestate was negligent as a matter of law and therefore the trial court erred when it denied appellant's motion to remove the issue of appellee's negligence from the jury's consideration. The undisputed evidence is that the defendant's intestate came to a sudden stop on Interstate Route 70, backed his car up and stopped, started forward again, stopped, and started backing again when he was hit by the truck driven by Norman Hitt. Such a heedless act on a controlled-access highway, where the permitted speed for vehicular traffic is seventy miles per hour, should be termed foolhardy rather than negligent.

The writer of this dissent has made an exhaustive research to determine whether courts in this and other jurisdictions have passed upon this question, but has found little authority directly in point. Backing down a state highway is such an unusual thing to do, so fraught with danger, and so opposed to the dictates of common prudence that it is difficult to find cases alike on the facts—very, very few people are so foolish.

However, the courts in one jurisdiction have passed upon this question. In Sodergren v. Goodman, 242 F Supp 44, the trial judge held that backing a truck in violation of a South Carolina Statute, which provided that the driver of a vehicle shall not back it unless such movement can be made with reasonable safety and without interfering with other traffic, constituted negligence per se and quoted with approval, Chesser v. Taylor, 232 SC 46, 100 SE2d 540, and Green v. Sparks, 232 SC 414, 102 SE2d 435. Although the South Carolina Courts hold that a violation of the backing provisions of its Motor Vehicle Act is negligence per se, they do not so hold with regard to all of the provisions of the South Carolina Motor Vehicle Act.

At the time of the accident in the present case, chapter 95½, section 189a of the Ill Rev Stats, provided:

"(a) The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."

This statute was amended in 1965 by the addition of paragraph (b) which now provides:

"(b) The driver of a vehicle shall not back the same upon any controlled-access highway."

The Illinois Legislature felt that the problem of backing on controlled-access highways required special treatment. I agree.