**Blanche K. SCOTT, Plaintiff,**

v.

**LAND SPAN MOTOR, INC., Defendant.**

**Civ. A. No. 3:90–2862–19.**

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 20, 1991.

---

H. Ronald Stanley, Columbia, S.C., Dennis N. Cannon, Jr., Camden, S.C., for Blanche K. Scott.

F. Earl Ellis, Jr., David L. Morrison, Nauful & Ellis, Columbia, S.C., for Land Span Motor, Inc.

## MEMORANDUM OPINION AND ORDER

SHEDD, District Judge.

This matter is before the Court on defendant's Motion for Judgment Notwithstanding the Verdict (JNOV) and/or New Trial.

This case, which involves a claim of negligence arising out of an automobile accident, was tried before a jury on November 5–8, 1991. At the close of the evidence, the Court directed a verdict in favor of plaintiff on the issue of liability and submitted the case to the jury for a determination of damages. The jury returned a verdict in favor of plaintiff in the amount of $84,000 actual damages.[1] Thereafter, the Court entered judgment in favor of plaintiff in this amount.

Defendant's motion is based on three grounds. First, defendant asserts that plaintiff's claims of economic loss are barred by the doctrine of judicial estoppel and, therefore, the economic loss portion of the judgment should be set aside. Second, defendant maintains that the Court erred in directing a verdict in favor of plaintiff as to liability on the negligence claim. Last, defendant argues that there is insufficient evidence of causation relating plaintiff's injuries to the automobile accident at issue in this case or, alternatively, that the verdict amount is grossly excessive when compared with the damages that were proximately caused by defendant's negligence. Because the Court finds these arguments unpersuasive, it will deny defendant's motion.

## FACTS

The following pertinent facts were presented at trial. On January 15, 1987, at approximately 10:15 a.m., plaintiff was driving her automobile on Broad Street, which is a major thoroughfare in Camden, South Carolina, when she was struck by a tractor-trailer truck driven by Thomas Mure, an agent of defendant. Mr. Mure had stopped his truck on Broad Street and had gone into a nearby post office to determine where he should take his truck to deliver the goods that he was transporting. After receiving instructions, Mr. Mure returned to his truck and attempted to back it across Broad Street. Although Mr. Mure

made some effort to ensure that there were no vehicles behind his truck, he admitted that there was a blind spot directly behind his truck when he began backing it. Mr. Mure backed his truck into plaintiff's automobile, which was behind the truck and apparently in Mr. Mure's blind spot. Plaintiff injured her hand in this accident and she has experienced problems with it ever since.

On August 8, 1988, plaintiff was placed on a 90–day disability leave of absence by her then-employer, DuPont. DuPont's stated reason for placing plaintiff on leave was her inability to perform her job due to her hand injury. DuPont informed plaintiff that she would be required to prove that she was physically able to work at the end of the 90–day period or she would be terminated. Plaintiff produced reports from several doctors clearing her to return to work; however, DuPont determined that plaintiff was unable to do so. DuPont therefore terminated plaintiff.

On the day that she was placed on leave by DuPont, plaintiff slipped and fell as she was leaving the plant. Plaintiff filed a Workers' Compensation claim seeking to recover benefits for the injury she sustained in this slip and fall incident. During the course of this claim, DuPont deposed plaintiff. It is apparent from reviewing the deposition transcript that DuPont spent a great deal of time in this deposition attempting to prove that plaintiff's disability was the result of her hand injury, which was not work-related and thus not a compensable injury, rather than being the result of her slip and fall, which was work-related. In this deposition plaintiff testified that she was able to work, albeit with restriction, prior to her slip and fall accident. Plaintiff ultimately settled her claim with DuPont and the South Carolina Workers' Compensation Commission (the Commission) approved this settlement.

---

1. The Court, in consideration of the potential applicability of the doctrine of judicial estoppel, submitted a general verdict form to the jury accompanied by a written interrogatory inquiring as to the amount of damages, if any, that were awarded to plaintiff for lost wages. Of the $84,000 award of damages, the jury answered the interrogatory that $57,000 was for lost wages.

In April 1989, plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC), asserting that DuPont terminated her because of her age. Plaintiff signed this charge and a SCHAC employee notarized plaintiff's statement. Plaintiff indicated in this charge that DuPont stated two reasons for terminating her: (1) DuPont "[a]lleged my job duties conflicted with restrictions set by my doctor," and (2) DuPont "[a]lleged inability to perform my job duties." Plaintiff then asserted that DuPont's stated reasons for her termination were "untrue and pretextual" because her termination "discounted my release by my doctor, which placed no restrictions on my ability to perform my job." In October 1989, SCHAC issued a finding of no cause on plaintiff's charge and, in February 1990, EEOC issued a similar finding. Plaintiff did not pursue litigation against DuPont.

As noted above, according to the jury's answer to the interrogatory, plaintiff recovered $57,000 of lost wages as a result of defendant's negligence. Central to plaintiff's claim for lost wages were her assertions at trial that defendant's negligence led to her physical disability, that she was terminated from her last employer (DuPont) because of her inability to work due to the disability, and that she is now unable to work because of her disability. In support of her claim, plaintiff specifically testified as follows:

Q: [by defense counsel] Ms. Scott, why were you terminated by DuPont?

A: [by plaintiff] Unable to do the job with my right hand.

Q: Were you able to do the job?

A: I felt I was.

Q: DuPont terminated you because you were unable to do the job?

A: Yes, sir.

Q: Do you believe that's why DuPont terminated you?

A: Yes, sir. Because they preached safety.

## THE APPLICABLE LEGAL STANDARDS

■ Under Rule 50(b), a party may move for JNOV at the close of all of the evidence if that party also moved for a directed verdict at the close of the evidence offered by his opponent. When ruling on a motion for JNOV, the trial court must determine whether there is any substantial evidence to support the jury's verdict. *Evington v. Forbes*, 742 F.2d 834, 835 (4th Cir.1984). In making this determination, the trial court must consider the record as a whole and in the light most favorable to the party opposed to the motion. *Id.* If there is evidence opposed to the motion of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict in favor of the non-moving party, then the motion should be denied. *Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891 (4th Cir.1980). However, where the non-moving party has the ultimate burden of proof and fails to produce sufficient evidence in support of an essential element of the cause of action, then the court should render judgment in favor of the moving party as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making this determination, the court does not weigh the evidence or assess the credibility of the witnesses. *Hamilton v. 1st Source Bank*, 895 F.2d 159, 162 (4th Cir.1990), *modified on other grounds*, 928 F.2d 86 (en banc).

■ Under Rule 59, which governs the procedure for granting a new trial, the Court may grant such relief "for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States...." Fed. R.Civ.P. 59(a). The standard for granting such relief has been articulated by the Fourth Circuit as follows:

On such a motion [for a new trial] it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will re-

sult in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *MCI Telecommunications Corp. v. Wanzer,* 897 F.2d 703, 708 (4th Cir.1990) (citation omitted). In determining whether a new trial is warranted, the Court is permitted to weigh the evidence and consider the credibility of the witnesses. *Abasiekong v. City of Shelby,* 744 F.2d 1055, 1059 (4th Cir.1984).

## LAW/ANALYSIS

 Defendant first argues that plaintiff's claim of economic loss (*i.e.,* lost wages) is barred by the doctrine of judicial estoppel and should therefore be set aside. Judicial estoppel is an equitable doctrine which operates to preclude a party in certain circumstances from adopting a position which conflicts with one previously taken in the same or related litigation. *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982). The doctrine, which " 'is designed to protect the integrity of the courts and the judicial process,' " *United Va. Bank/Seaboard Nat'l v. B.F. Saul Real Estate Inv. Trust,* 641 F.2d 185, 190 (4th Cir.1981) (citation omitted); is an extraordinary one which should be applied with caution, *Peugeot Motors of Am., Inc. v. Eastern Auto Distribs., Inc.,* 892 F.2d 355, 356 n. 3 (4th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990); because it "precludes a contradictory position without examining the truth of either statement." *Teledyne Indus., Inc. v. N.L.R.B.,* 911 F.2d 1214, 1218 (6th Cir.1990).

 The application of judicial estoppel is controlled by federal law, *Allen,* 667 F.2d at 1167 n. 4, and is within the court's sound discretion. *Matter of Cassidy,* 892 F.2d 637, 642 (7th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990). While judicial estoppel is recognized in several federal circuits, "no single formulation of the doctrine has gained

widespread acceptance." Note, *Judicial Estoppel: The Refurbishing of a Judicial Shield,* 55 Geo.Wash.L.Rev. 409, 410–11 (1987). The Fourth Circuit has noted that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle...." *Allen,* 667 F.2d at 1166.[2] However, it is clear that in order for a court to invoke judicial estoppel, it must find that the party against whom the doctrine is being invoked has adopted a position which is materially different from a position successfully adopted by that party in a prior proceeding. *Allen,* 667 F.2d at 1166; *Martinez v. United States,* 740 F.Supp. 399, 401 (D.S.C.1990). The doctrine is applicable regardless of whether the prior position was taken in a judicial or a quasi-judicial proceeding, *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.,* 731 F.Supp. 747, 750 (E.D.La.1990); since "[t]he truth is no less important to an administrative body acting in a quasi-judicial capacity than it is to a court of law." *Department of Transp. v. Coe,* 112 Ill.App.3d 506, 68 Ill.Dec. 58, 60, 445 N.E.2d 506, 508 (1983).[3]

 Defendant asserts that plaintiff should be estopped from claiming in this lawsuit that she is unable to work due to her hand injury because of the position taken by her in the proceedings before the Commission, SCHAC, and EEOC. As noted above, plaintiff took the position in those proceedings that she was able to work despite her hand injury. Moreover, in the SCHAC and EEOC proceedings, plaintiff maintained that DuPont's stated reasons for terminating her were "untrue and pretextual." At trial, however, plaintiff took the contrary position that DuPont's stated reason was true and that she was not able to work at the time of her termination. In each of the proceedings at issue, plaintiff's position was critical to establishing her claims.

---

2. *Compare Muellner v. Mars, Inc.,* 714 F.Supp. 351, 357 (N.D.Ill.1989) (applying five-part test taken from Illinois law).

3. In *Allen,* the Fourth Circuit reserved ruling on this issue. 667 F.2d at 1167 n. 3.

The Court has carefully reviewed plaintiff's testimony in each of the proceedings and finds that judicial estoppel is not applicable because there is no indication that plaintiff's positions were successfully maintained in the prior proceedings. The proceeding before the Commission was settled without a determination of the merits and the SCHAC/EEOC proceedings were decided adversely to plaintiff. Therefore, even assuming that judicial estoppel is otherwise appropriate, the Court finds it inapplicable for this reason.

■ Defendant argues, however, that it is not necessary for the party to have been successful in advancing its position in the prior proceeding for judicial estoppel to attach. Apparently, defendant contends that the integrity of the federal court is impugned by the very act of a party advancing a materially different position from one previously advanced.[4] While there may be some merit to this argument, the Court believes that defendant's position is not a correct interpretation of the doctrine of judicial estoppel. In *Allen*, the Fourth Circuit noted that judicial estoppel is "not necessarily confined to situations where the party asserting the earlier contrary position there prevailed," although it is "obviously more appropriate in that situation." 667 F.2d at 1167. Subsequently, in *M. Kramer Manufacturing Company v. Andrews*, 783 F.2d 421 (4th Cir.1986), the Fourth Circuit noted that judicial estoppel is designed to prevent a party "from '*convincing* unconscionably one judicial body to *adopt* factual contentions only to tell another judicial body that those contentions [are] false.'" *Id.* at 448 n. 23 (citation omitted) (emphasis added). It is apparent from these cases that although the party against whom estoppel is being invoked need not have prevailed on the ultimate merits of its case, it must have convinced the judicial or quasi-judicial body to adopt its position. *Cf. Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed.

578 (1895) ("It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and *succeeds* in maintaining that position, he may not thereafter ... assume a contrary position" (emphasis added)). Because there is no indication that plaintiff's position was adopted in the prior proceedings, the Court finds that judicial estoppel is inappropriate.

■ Judicial estoppel is also inappropriate in this case because the positions taken by plaintiff in this proceeding, when viewed in full context, are not necessarily inconsistent with the positions that she took during the proceedings before the Commission, SCHAC, and EEOC. As to her disability claim, plaintiff explained that she only grudgingly came to accept her disability and that each of her statements accurately reflected her feelings at the time she made those comments. Because plaintiff further claimed that her disability was the result of a progressive process, her statements made at different times are not necessarily inconsistent. There is also a possible ambiguity regarding plaintiff's SCHAC and EEOC claims as to what the phrase "able to do the job" means. One can take plaintiff's testimony to mean that she has come to understand the distinction between her understanding of her ability to do the job (*i.e.*, ability to perform minimal functions of the job) as she stated in the SCHAC/EEOC filing, and DuPont's position of her inability to do the job with the company's desired margin for safety (*i.e.*, doing the minimal functions of a job in a manner which the company feels is unsafe does not represent the ability to do the job from the company's perspective). Although these apparent inconsistencies were properly the focus of impeachment and credibility issues, the lack of a definite material inconsistency in plaintiff's positions also renders judicial estoppel inapplicable. *Martinez*, 740 F.Supp. at 401.

---

**4.** *Defendant's position is more akin to the doctrine of estoppel by oath, which precludes a party from repudiating a position previously taken under oath in an earlier proceeding. Estoppel by oath is a more harsh doctrine than is* judicial estoppel, and it is applied in a limited number of jurisdictions. *See generally* Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 N.W.U.L.Rev. 1244, 1250–54 (1986).

Defendant next argues that the Court erred in directing the verdict in favor of plaintiff on her negligence claim. The Court finds this argument to be without merit. Section 56–5–3810(a) of the Code of Laws of South Carolina (S.C.Code Ann. § 56–5–3810(a) (1976)) provides: "No driver shall back a vehicle unless such movement can be made with safety and without interfering with other traffic." The South Carolina Supreme Court has noted that " 'the backing of a motor vehicle is attendant with unusual danger to one who may be in its path and requires commensurate care on the part of the operator of the vehicle.' " *Chesser v. Taylor*, 232 S.C. 46, 100 S.E.2d 540, 543 (1957) (citation omitted). Because of this inherent danger, in backing an automobile, a driver has a duty "to be vigilant, watchful and to anticipate and expect the presence of other vehicles upon [the] highway." *Green v. Sparks*, 232 S.C. 414, 102 S.E.2d 435, 438 (1958).

Mr. Mure, the driver of the truck that struck plaintiff's automobile, testified at trial that despite the fact that there was a blind spot behind his truck, he nevertheless backed the truck on a major street during the middle of the day. Although Mr. Mure also testified as to his efforts to ensure that there were no vehicles behind him, the Court finds as a matter of law that Mr. Mure violated Section 56–5–3810 and the duty articulated by the South Carolina Supreme Court by backing his vehicle in the manner described above. Because violation of Section 56–5–3810 constitutes negligence per se, *Sodergren v. Goodman*, 242 F.Supp. 44, 47 (D.S.C.1965), the Court properly directed the verdict against defendant as to liability based on the statutory violation. Moreover, regardless of the terms of the statute, Mr. Mure's conduct constitutes negligence because of his breach of his duty to be "vigilant, watchful and to anticipate and expect the presence of other vehicles upon [the] highway." The inherent danger associated with backing a vehicle, particularly under the circumstances of this case, makes Mr. Mure's action unreasonable as a matter of law. Therefore, the Court properly directed the verdict against defendant on this ground as well.

Finally, defendant asserts that there is no credible evidence of causation relating the automobile accident to the injuries complained of by plaintiff and, therefore, defendant is entitled to judgment as a matter of law. Alternatively, defendant argues that the verdict is grossly excessive when compared with the damages that were proximately caused by defendant's conduct. Again, the Court finds these arguments unpersuasive. In regard to the issue of causation, the Court notes that whether a breach of a duty contributes as a proximate cause of the plaintiff's injury is ordinarily a question for the jury. *Green*, 102 S.E.2d at 439. The Court is satisfied that there is sufficient evidence in the record to support the verdict in this case. Likewise, in regard to the issue of the amount of the verdict, the Court finds that the amount of the verdict is not excessive under the circumstances of this case.

### ORDER

IT IS THEREFORE ORDERED that defendant's Motion for Judgment Notwithstanding the Verdict and/or New Trial be DENIED.

AND IT IS SO ORDERED.