John Wrighthouse, Plaintiff-Appellant, v. William Howard Brown, Defendant-Appellee.

Gen. No. 10,564.

Fourth District.

October 20, 1964.

Reno, O'Byrne & Kepley, of Champaign (Donald M. Reno and Vance I. Kepley, of counsel), for appellant.

Greanias & Owen, of Decatur, for appellee.

SPIVEY, J.

The plaintiff, John Wrighthouse, seeks to reverse a judgment entered on a jury verdict in favor of the

defendant, William Howard Brown, in an action for personal injuries tried in the Circuit Court of Macon County. Defendant cross-appeals and asks a reversal of the judgment entered against him on his counterclaim for property damage.

On April 21, 1962, the defendant was driving a farm tractor on a blacktop road in Macon County. He was pulling a plow behind the tractor. It was dusk or dark, and the defendant was using lights on his tractor. The defendant had a white light on the back of the tractor but had no light or reflector on the plow. The plow was 7½ to 8 feet wide and extended back from the tractor about six feet. He was traveling about 20 miles per hour in a southerly direction.

At the place where the collision occurred the road was two lane, level, straight and between 18 to 20 feet wide. On the west side of the road there was a shoulder of sod and dirt about 9 feet wide.

Also proceeding in a southerly direction on this road was the plaintiff. He was driving a Plymouth automobile in good mechanical condition, with his headlights on dim or low beam. This car was traveling about 45–50 miles per hour when the plaintiff noticed a white light in front of him which he said looked like a one-eyed car coming toward him. When the plaintiff saw the light, he took his foot off his accelerator and began to slow down. As the plaintiff got closer to the light, he observed that it was on his side of the road. He switched his lights from dim to bright and it was then that he saw the plow 10 feet ahead of him in his lane. Plaintiff attempted to use his brakes but a collision occurred between the car and the plow. In the collision, the plaintiff sustained serious injuries and the automobile and the plow were damaged.

194

Plaintiff relies upon four contentions for reversal of the judgment of the trial court. He claims that the court erred in giving defendant's instructions Numbers 8 and 10A, erred in unfairly limiting plaintiff's argument, and also that the verdict and judgment are against the manifest weight of the evidence.

Defendant contends that the court erroneously gave plaintiff's instruction Number 9 and that the verdict against him on the counterclaim should be reversed.

Instruction number 8, offered by the defendant, was as follows:

> "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:
>
> " 'No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; . . . and speed shall be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.'
>
> "If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent or contributorily negligent before and at the time of the occurrence."

It is contended that there is no evidence that plaintiff was driving at a speed greater than was reasonable and proper under the facts and circumstances.

Plaintiff also urges that the uncontroverted evidence shows that plaintiff decreased his speed in order to avoid a collision, and that the instruction could only confuse and mislead the jury since the defendant was operating the tractor and plow on the highway without proper lights.

 We cannot agree with the plaintiff's contention. Rather, we believe that the failure to give this instruction would have constituted reversible error. "It is elementary that every party has the right to have the law applicable to his case stated fairly, clearly, distinctly and conveyed to the jury with substantial accuracy so that it may not be misled to the prejudice of the party (citing cases). He has the right to have the jury instructed upon his theories of recovery or defense (citing cases). Failure to give a party these rights which are tantamount to a fair and just trial, whenever the case is close upon its facts or the evidence conflicting, and the failure is material, requires that the verdict be set aside, the judgment reversed and the cause remanded for new trial." Sims v. Chicago Transit Authority, 7 Ill App 2d 21, 29, 30, 129 NE2d 23. Each party is entitled to have the court instruct the jury on his theory of the case, provided that there is an evidentiary basis for the instruction. "All that is required in order to justify the giving of an instruction is that there is some evidence in the record to support the theory set out in the instruction." Biggerstaff v. New York, C. & St. L. R. Co., 13 Ill App2d 85, 94, 141 NE2d 72. "The law is well settled that each party to a cause of action is entitled to direct and specific instructions embracing his theory of the facts where his evidence tends to prove such facts." Kirchner v. Kuhlman, 334 Ill App 339, 346, 79 NE2d 628. The issue of speed, as much as any other particular act of a party, is for the jury. Such an instruction calls

upon the jury to examine all the facts and circumstances in evidence including the speed of the vehicles and then decide whether a party should have reduced his speed to avoid a collision. The fact that a party's speed was lower than the applicable maximum does not relieve that party from reducing his speed under certain circumstances.

■ In the instant case, the plaintiff was unable to turn his motor vehicle or reduce the speed of his vehicle in time to avoid colliding with the tractor and plow. We cannot say as a matter of law that he had no duty to reduce the speed of his car. The mere sight of an implement of husbandry should at once be a warning to overtaking vehicles. It is a matter of common knowledge that these machines do not move at the speed of an automobile, and a jury may find that the driver of an automobile should anticipate the potential danger thus presented and reduce his speed for the slowly-moving vehicle. Likewise, a "one-eyed" car is a hazard. There always exists the possibility that the greater portion of the car is in the path of the oncoming traffic.

■ The issue of speed was clearly a question for the jury, and the court did not err in giving defendant's instruction Number 8.

Instruction Number 10A tendered by the defendant was an issues instruction patterned after IPI Number 20.02. That portion to which objection is made is as follows:

> "The Defendant counterclaims that he sustained damage while exercising ordinary care, and that the Plaintiff was negligent in one or more of the following respects:
>
> That the Plaintiff negligently drove and operated his motor vehicle without having same under proper control;

197

Drove and operated his motor vehicle without keeping a good and sufficient lookout ahead;

Drove said motor vehicle at a speed which was greater than reasonable and proper;

Failed to decrease the speed of said automobile in order to avoid striking the defendant's plow and tractor.

The Defendant further counterclaims that one or more of the foregoing was the proximate cause of his damage.

Plaintiff denies that he was guilty of negligence in doing any of the things claimed by Defendant, and denies that the Defendant was in the exercise of ordinary care."

Plaintiff asserts that his argument with reference to instruction Number 8 is equally applicable to this instruction. That is, he says there is no evidence to support the charge that the plaintiff failed to decrease his speed in order to avoid striking the plow and tractor. Our answer is that our statements hereinbefore made with reference to the giving of defendant's instruction Number 8 completely answers plaintiff's contention with respect to defendant's instruction Number 10A. The trial court was not permitted to weigh the issue of speed but was merely to determine whether an evidentiary basis existed for the contention. The resolution of the issue was for the jury.

Now it is also claimed that the *allegation* that plaintiff drove the vehicle without keeping a good and sufficient lookout ahead, coupled with the *allegation* that plaintiff failed to decrease his speed to avoid striking the defendant's plow and tractor, is a *misstatement of the law* which confused and misled the jury.

There is no merit to this contention. The allegations in the instruction do not purport to be a statement

of the law, but only what the defendant contends. The court instructed the jury as follows: "You must consider these instructions as a whole, not picking out one instruction and disregarding others." Also, the jury was instructed: "In order for the defendant to recover on his counterclaim, the defendant has the burden of proving each of the following propositions:

> First, that the defendant before and at the time of the occurrence was using ordinary care for his own safety.
> Second, that the plaintiff acted, or failed to act, in one of the ways claimed by the defendant as stated in these instructions and that in so acting, or failing to act, the plaintiff was negligent."

When all of the court's instructions are considered as one interrelated series, it is obvious that the court did not err in giving defendant's instruction Number 10A.

In addition, the specific objection now urged to this instruction was not made in the trial court and no such objection is shown in the abstract of the instructions conference. By failure to raise this particular objection in the trial court, this objection was waived. (Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163.)

It is also contended that the court erred in denying plaintiff's counsel proper argument. Plaintiff complains of the trial court's refusal to allow him to argue that the defendant was negligent in driving his tractor and plow on the highway in the nighttime when there was a wide, sodded, level shoulder beside the road. The abstract shows that the court sustained an objection because there was no such charge of negligence in the complaint and because the argument was not sustained by the evidence. The court also observed that his attention had not been directed

to any law that prohibited a tractor from being on the highway after dark.

The exact statement made by plaintiff's counsel is not shown since the arguments were not a part of the abstract or the record. However, it is clear to us that the trial court correctly limited the argument of plaintiff's counsel. The defendant had a right to the use of the highway while his tractor was being used as an implement of husbandry. Counsel's argument was improper and misleading and the court properly sustained the objection.

As a final point, the plaintiff contends that the verdict of the jury is contrary to the manifest weight of the evidence. Our statements appearing hereinabove are adequate to dispose of this argument. We indicated earlier that the issues of plaintiff's speed and his failure to see and avoid collision with the tractor and plow were supported by some evidence.

"The presence of contradictory evidence in the record affords no basis for a. reviewing court's disagreement with the conclusion reached by the trier of the facts. A jury verdict cannot be said to be against the manifest weight of the evidence unless an opposite conclusion is clearly evident." Robinson v. Workman, 15 Ill App2d 25, 32, 145 NE2d 265; (Hinrichs v. Gummow, 41 Ill2d 428, 433, 434, 190 NE2d 610.) ". . . the ruling of a Trial Court on a motion for new trial would not be disturbed on appeal unless there was a clear abuse of discretion. . . ." Thomas v. Weber, 14 Ill App2d 562, 564, 145 NE2d 128. "To be against the manifest weight of the evidence requires that an opposite conclusion be clearly evident." Arboit v. Gateway Transp. Co., 15 Ill App 2d 500, 507, 146 NE2d 582.

On cross-appeal, the defendant contends that the court erred in failing to give an instruction to

200

inform the jury that a driver should not follow another too closely. There was no evidence to justify the giving of this instruction and it was properly refused.

For these reasons, the judgment of the Circuit Court of Macon County is affirmed.

Affirmed.

CROW, P. J. and SMITH, J., concur.