Otto Berg, Appellant, v. Steve Collier, Appellee.

Gen. No. 64–97.

Fifth District.

June 4, 1965.

Ryan and Heller, of Mattoon (Willis P. Ryan and Harlan Heller, of counsel), for appellant.

Frank H. Schniederjon, of Effingham, for appellee.

EBERSPACHER, P. J.

This is an appeal from a judgment entered on a verdict of a jury in favor of defendant in a negligence action for personal injuries.

Plaintiff had sought to recover for his personal injuries suffered as a result of his being thrown off a tractor which he was operating on a state highway, in a Northwesterly direction, when the tractor was struck from the rear by the motor vehicle driven by defendant who was traveling in the same direction. The original complaint contained no allegation explicitly charging excessive speed nor violation of any statutory provision concerning speed.

Plaintiff's uncontradicted testimony was that he was operating the tractor at a speed of 3 to 5 miles per hour when the tractor was struck; Defendant's uncontradicted testimony was that he was traveling 55 to 60 miles per hour when at the top of a hill to Plaintiff's right and first saw Plaintiff's tractor in a driveway 1,000 feet to a quarter of a mile ahead of him. Plaintiff contends that when he pulled on to the highway Defendant was not in sight, that he could see approximately a quarter of a mile to his right to the top of the hill. Defendant contends that he was 100 to 150 feet from plaintiff when plaintiff pulled on to the highway ahead of him and had traveled about

75 feet before the collision occurred, and that he had applied his brakes 75 to 100 feet before colliding with the tractor. Other evidence placed the point of the collision 100 to 120 feet from the point at which Plaintiff had pulled on to the highway. The day was clear and the pavement was dry; there were no skid marks on the pavement. Both the view of Plaintiff to the top of the hill and Defendant's view from the top of the hill, were unobstructed, even though the road made a gradual curve from the top of the hill to the point of the collision.

During the conference on jury instructions and after the "Issue" instruction (IPI 20.01), and the "Burden of Proof; instruction (IPI 21.02) neither of which contained any explicit reference to speed or to any portion of the statutes concerning speed, were marked given, Plaintiff tendered his instruction number 11. The instruction was in the form prescribed by IPI 60.01, and included the following portion of ch 95½ sec 146 Ill Rev Stats 1963:

> "No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; or (2) is greater than the applicable maximum speed limit established by this section or by a regulation or ordinance made pursuant to the provisions of this Article. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists

with respect to pedestrians or other traffic or by reason of weather or highway conditions; and speed shall be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Upon tender of Plaintiff's instruction number 11, Defendant objected to the instruction on the grounds that, there was no evidence of excessive speed or failure to use proper speed. Plaintiff thereupon was granted leave to amend his complaint by adding a subparagraph charging that defendant "negligently and carelessly failed and omitted to reduce the speed of his motor vehicle when necessary to avoid colliding with other vehicles on the highway contrary to the provisions of section 146, chapter 95½, Illinois Revised Statutes, 1963." Defendant moved to strike the amendment on the theory that the evidence did not support an allegation of speeding or the necessity of decreasing speed to avoid colliding with another vehicle on the road. The court granted Defendant's motion and struck the amendment, and finally refused the instruction.

██ In view of the evidence of the speed of the vehicles, and evidence of the distances traveled by both vehicles immediately before the collision, in an area where the view was unobstructed, we fail to see how the speed of plaintiff's vehicle could be immaterial, or how plaintiff could be said to have a fair trial if he were not allowed to plead breach of the applicable Statute referred to in his amendment. The amendment was proper, sec 46 par (3) Civil Practice Act, and the court erred in striking it. The fact that the amendment was offered after Plaintiff's issue and burden of proof instructions had been tendered but

not yet been given, did not prevent the modification of those instructions to conform to the proper allegations of the amended complaint; and in view of the striking of the amendment, a tender of modifications of those instructions would have been an exercise of futility, since they could not have properly been modified to comply with an allegation that had been stricken.

In the conference on instructions, counsel for appellee objected to the tendered instructions stating: "There is no evidence of speeding in this particular development and second, the complaint filed does not allege the defendant was speeding or failed to use proper speed in the operation of his car—I object to giving such an instruction."

The court in refusing the instruction, stated: "There is no evidence in the trial in question of speed. I know there is a further provision in this particular statute but it still refers to speed."

It is true that there is no evidence that defendant exceeded the maximum speed limit, but as stated above, the speed at which defendant's vehicle was driven was material, even though it did not exceed the permissible maximum. Clearly there was evidence sufficient to warrant instructing on the statute with the possible exception of the following portion: "or (2) is greater than the applicable maximum speed limit established by this section or by a regulation or ordinance made pursuant to the provisions of this Article." It is difficult to comprehend a situation involving collision of moving vehicles in which the speed at which they were being driven is not a material factor in determining both due care and proper control. In view of the court's expressed misapprehension with reference to speed being a factor in this case, we can condone plaintiff's failure to tender a speed instruc-

150

tion properly modified to eliminate the quoted language.

 It is here contended that the instruction, unless modified to exclude the above quoted language, was not proper and therefore, no error was committed in the court's refusing it. The objection to the instruction, however, is not based on that specific point. As has been frequently stated, the purpose of the conference on instructions and the requirement that specific objections be made is to provide as nearly as possible against error. Supreme Court Rule 25–1. Wright v. Callaghan, 50 Ill App2d 157, 200 NE2d 56; Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 176 NE2d 684. Nor can we say that the giving of the instruction in the form tendered would be held to be reversible error in this case. In the case of Sphatt v. Tully, 38 Ill App2d 229, 186 NE2d 670, the court held that even though some part of an instruction on a statute might be deemed surplusage, the instruction was properly given. In the case of Wrighthouse v. Brown, 52 Ill App2d 191, 201 NE2d 752, plaintiff motorist struck defendant's farm tractor traveling in the same direction. The court, at defendant's request, gave an instruction predicated upon section 146, in the following form:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:
"No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; . . . and speed shall be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in

151

compliance with legal requirements and the duty of all persons to use due care.

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent or contributorily negligent before and at the time of the occurrence."

The court held that refusal to give the instruction would be reversible error; a similar instruction should have been given in this case.

 The propriety of instructing in the language of a statute has been considered in countless cases. Such instructions are of great help in guiding a jury in its deliberations. To conclude that a jury would be misled by the inclusion of the reference to maximum speed limits unrealistically attributes to jurors a degree of naivete incongruous with the motorized age in which we live. Absent a specific objection to the specific part of the statute, the instruction should have been given and the failure so to do was reversible error. As was so aptly said in Sims v. Chicago Transit Authority, 7 Ill App2d 21, at page 29, 129 NE2d 23,

"The rule fairly deducible from these cases is that unless the reviewing court can say that on retrial the result could not be otherwise, the cause must be remanded toward the end that the party bringing error may secure substantial justice. Where the reviewing court can see the case has been fairly tried, and that the judgment is clearly right upon the facts, and that consequently another trial must necessarily result the same way, it will not reverse on the ground that an erroneous issue has been submitted to the jury. Quite a different rule prevails where the case is a close one

152

on the facts. In such a case where the evidence is about evenly balanced, the reviewing court will reverse for any substantial error in the trial court on a material question that may have turned the scale in favor of the successful party. Chicago, B. & Q. R. Co. v. Warner, 108 Ill 538, 554-5; and cf. Toledo, W. & W. R. Co. v. Jones, 76 Ill 311, 314.

"It is elementary that every party has the right to have the law applicable to his case stated fairly, clearly, distinctly and conveyed to the jury with substantial accuracy so that it may not be misled to the prejudice of the party. (Citing cases.) He has the right to have the jury instructed upon his theories of recovery or defense. (Citing cases.) Failure to give a party these rights which are tantamount to a fair and just trial, whenever the case is close upon its facts or the evidence conflicting, and the failure is material, requires that the verdict be set aside, the judgment reversed and the cause remanded for new trial."

Plaintiff also contends that he was prejudiced by the defendant's counsel on cross examination. Defendant's counsel asked plaintiff the following question: "Now Mr. Berg, were you involved in an accident subsequent to this date and prior to this time?" Plaintiff answered "Yes" and Defendant's counsel then asked "When did that take place?" At that point objection was made, and outside the presence of the jury the objection was sustained and the court directed the jury to "disregard the question and answer regarding the subsequent accident."

Defendant's counsel had previously taken a discovery deposition from Plaintiff, in which Plaintiff admitted that he had been in an automobile accident since the collision involved in this suit, but plaintiff

153

asserted that he sustained no injury in the second collision. Defendant's counsel contends the jury was entitled to know whether or not there was an independent and separate cause for the injuries complained of, or if all the injuries testified to resulted from the accident in question. He states that if plaintiff had testified as he did on discovery—that he suffered no injuries, he intended to discontinue the interrogation concerning the second accident; that he only sought to determine if plaintiff wished to change his testimony. Defendant had no proof to offer to show plaintiff sustained any injury in the second accident. No other instances of prejudicial conduct on the part of Defendant are presented.

 The objection might cause the jury to conclude that plaintiff was trying to hide something that related to the occurrence. The question and answer could give rise to an inference on the part of the jury that plaintiff was careless, or sought to collect for this plaintiff for injuries sustained in a subsequent accident, or that defendant had material information which he was not being allowed to present. While we must assume that the jury followed the direction given by the court to disregard the question and answer, Danile v. Oak Park Arms Hotel, Inc., 55 Ill App 2d 2, 203 NE2d 706 and cases cited therein, the court's direction to disregard, in a case where the logical line separating a verdict for the plaintiff from a verdict for the defendant is narrow, does not readily remove the prejudicial effect. Plaintiff cites numerous cases in which, under the guise of laying the foundation for impeachment, prejudicial questions were propounded, and the court concluded that the verdict was the result of the prejudice. Gordon v. Checker Taxi Co., 334 Ill App 313, 79 NE2d 632; Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348; Stone v.

154

Warehouse & Terminal Cartage Co., 6 Ill App2d 229, 127 NE2d 260; Jacobson v. National Dairy Products Corp., 32 Ill App2d 37, 176 NE2d 551.

Examining these cases we find; in the Gordon case the prejudicial conduct was persisted in and coupled with erroneous instructions; in the Miller case the questions were numerous, some of which inferred malingering, others drinking "at that time," aggravated by statements of counsel, and in addition the plaintiff appellant contended the inadequacy of a $500 verdict; in the Stone case improper cross examination concerning contents of a police report was coupled with the giving of numerous erroneous instructions; and in the Jacobson case improper questions and numerous improper remarks during the trial were coupled with improper remarks in argument to the jury.

We do not place our stamp of approval on conduct of Defendant's counsel in posing such question, the answer to which he learned by discovery. If he had any reason to believe plaintiff was injured in the subsequent accident, it was his obligation to fully investigate and be prepared to make proof of such injury at this trial. If he could procure none he had no reason to assume plaintiff's answer would be different from that given on discovery. Plaintiff cites none and we find no authority for holding than an isolate instance of such conduct, not aggravated by other occurrences during the trial or by remarks to the jury, or not coupled with erroneous instructions, is reversible error. In this case the questioning progressed no further, and the court adequately instructed the jury to disregard.

However, the ruling with reference to amendment of the complaint coupled with the failure to instruct on speed and the improper question, lead us to the

conclusion that substantial justice requires this case to be remanded for new trial.

Judgment reversed and cause remanded for a new trial.

MORAN and GOLDENHERSH, JJ., concur.