2 Ill. App.3d 528 (1971)
275 N.E.2d 659
GERALD E. WILLIAMS, Plaintiff-Appellant,
v.
WILLIAM J. STEWART et al., Defendants-Appellees.
No. 11367.
Illinois Appellate Court  Fourth District.
November 23, 1971.
Thomson, Thomson & Mirza, of Bloomington, (Chester Thomson, of counsel,) for appellant.
Costigan & Wollrab, of Bloomington, for appellees.
Reversed and remanded.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
*529 This wrongful death action was tried before a jury in the circuit court of McLean County. The jury returned a verdict for the defendant Stewart. On appeal in this court the plaintiff seeks a new trial asserting several errors in the trial proceeding. We agree that error intervened in the trial and that the case must be reversed and remanded for a new trial.
The decedent, Jeffrey C. Williams, was killed at the intersection of Washington and Mason Streets in the City of Bloomington, Illinois on October 26, 1965. The deceased was then almost 8 years old. The deceased had left his home around 6:30 in the evening with some other children to go "Halloweening". The deceased was attired in a black costume with a skeleton on it and when he left home he had in his hand what was described as a half mask. The incident happened some 7 to 8 blocks from his home as the decedent was crossing on the east side of Mason Street from the southeast corner heading in a north direction crossing Washington Street, a heavily traveled street in the City of Bloomington.
The intersection is not protected by traffic signals and the pedestrian crosswalk is unmarked.
The complaint charged that the deceased was in an unmarked crosswalk at the intersection when he was struck by an automobile being driven by the defendant Stewart, who was proceeding west on Washington Street. The specific charges of negligence set forth in the complaint were to the effect that the defendant negligently managed and controlled his car, failed to keep a proper lookout, failed to reduce speed, and failed to sound a horn or otherwise warn.
While we need not recite all of the evidence, it is clear that the case was tried and evidentiary inquiry was directed toward ascertaining the point of impact with reference to the location in the crosswalk and with reference to the point of impact of the car. At the close of all of the evidence the plaintiff tendered an instruction in the language of the statute to the effect that there was in force in the State of Illinois at the time of the occurrence a statute requiring the driver of a vehicle to yield the right-of-way to a pedestrian crossing within any unmarked crosswalk at an intersection. This instruction was refused on the grounds that the allegations of the complaint did not specifically allege a violation of any cited statute nor did the general allegations encompass this specific violation of statutory duty. An effort by the plaintiff to amend the complaint to conform to the proof by asserting a violation of this specific statutory duty was likewise denied. The denial was not on the grounds of a want of evidentiary foundation for the amendment but rather upon *530 the grounds that the defendant would be surprised and would not have had ample opportunity to research the issue. This denial was error.
 1, 2 It is well established that the provisions of the Civil Practice Act with reference to amendment are to be liberally construed. Where, as here, an effort is made to amend a complaint to make its allegations conform to the proof, such amendment should be permitted. Berg v. Collier, 60 Ill. App.2d 145, 208 N.E.2d 353; Perkins v. Chicago Transit Authority, 60 Ill. App.2d 431, 208 N.E.2d 867.
 3 The allegations of the complaint in this case and review of the evidence in the record shows first that the complaint gave the defendant ample notice of the asserted negligence and the evidence very clearly indicates that both parties proceeded in the trial with their sights firmly fixed on the issue of the unmarked pedestrian crosswalk and all other aspects of the essential elements of the breach of statutory duty upon which the instruction was based. The defendant's claim of surprise must therefore be rejected.
 4 In the trial, photographs of the defendant's car were offered and received in evidence. These photographs were taken after the accident and as far as we can ascertain the foundation for their admission was wanting in that there was never a date specified as to the taking of the photographs and there is a want of sufficient evidentiary foundation to establish that the car as photographed was in the same condition as at the time of the accident. A crucial item with reference to the photographs relates to a dent on the left front fender. There is controversy in the evidence as to whether the deceased was hit by the front or the left front of the car. Upon objection to the photograph showing a dent on the left front fender without specificity as to the time of its occurrence, the trial court overruled the objection and observed that this deficiency or conflict would be the proper subject for argument by both counsel. Upon further inquiry it was established that the dent was on the car before the accident, but again the testimony was not specific as to detail. The court thereupon admitted the photographs to show the car and advised counsel that they would be privileged to argue as to whether the dent was there before or whether it wasn't.
 5 It is error to admit photographic evidence with the express notion that counsel be permitted to argue to the jury what it purports to show when the foundation for the admission is as deficient as here found. The probative value under these circumstances of the photographs was doubtful indeed.
Other asserted errors are assigned on this appeal relating to the argument *531 of counsel and certain limitations on impeachment of a witness. These errors need not be discussed since we would not anticipate a recurrence of the problem upon retrial of this case.
The judgment of the circuit court of McLean County is reversed and this cause is remanded for a new trial.
Reversed and remanded.
SMITH, P.J., and TRAPP, J., concur.