**Joe E. GARCIA, Plaintiff,**

**v.**

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

**Civ. A. 82-C-1260.**

United States District Court, D. Colorado.

Nov. 29, 1984.

Douglas John Traeger, Denver, Colo., Norman Perl, Michael L. Weiner, Minneapolis, Minn., for plaintiff.

John L. Pilon, Burlington Northern Railroad Co., Denver, Colo., for defendant.

### MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Joe E. Garcia has moved for an award of prejudgment interest following a jury verdict and judgment entered in his favor on February 24, 1984. Defendant Burlington Northern Railroad Company opposes this motion. The parties have briefed the issues thoroughly and oral argument would not assist in resolving them.

On July 14, 1982, Garcia was seriously injured while working on the defendant's tracks near Wheatland, Wyoming. As a result, his left leg was amputated. He sued for damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, (1982), and a jury returned a verdict in his favor for $2,000,000.

Plaintiff now claims that he is entitled to prejudgment interest. Defendant responds that the governing statute in cases arising under federal law does not allow prejudgment interest. The statute provides,

"Interest shall be allowed on any money judgment in a civil case recovered in a district court .... Such interest shall be calculated from the date of the entry of judgment ...."

28 U.S.C. § 1961 (1982). Burlington Northern seeks a strict construction of § 1961 that would preclude awarding prejudgment interest.

Federal courts may exercise equitable powers to grant prejudgment interest in certain cases arising under federal law. *Rodgers v. United States,* 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). Absent an unequivocal statutory prohibition, a trial court may award prejudgment interest where that action would promote the congressional purposes in adopting the legislation giving rise to the claim. *Id.* at 373, 68 S.Ct. at 6. In *Rodgers,* the court reviewed the purposes of penalties imposed under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1281 *et seq.,* and concluded that prejudgment interest was not appropriate.

The Tenth Circuit, in *Casto v. Arkansas-Louisiana Gas Co.,* 562 F.2d 622, 624 (10th Cir.1977), discussed applicability of § 1961 in diversity cases. Although the court there decided to apply state law governing interest, it noted *obiter dicta* that § 1961 if applicable, would not have barred prejudgment interest.

*Bricklayers' Pension Trust Fund v. Taiariol,* 671 F.2d 988 (6th Cir.1982), involved a damages award to employees under the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974 for their employer's failure to deposit sufficient funds into employee trust funds. Relying on a narrow reading of § 1961, the district court denied the plaintiffs' request for prejudgment interest. The Sixth Circuit disagreed, holding that "Section 1961 does not by its silence bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question." *Id.* at 989 (citing many cases). The opinion declared that "traditional equitable principles would govern the award of such compensation." *Id.* See also *Illinois Cent. R. Co. v. Texas Eastern Trans. Corp.,* 551 F.2d 943 (5th Cir.1977); *Louisiana & Arkansas Railway Co. v. Export Drum Co.,* 359 F.2d 311, 317 (5th Cir.1966); *Marshall v. Burger King Corp.,* 509 F.Supp. 353, 356 (E.D.N.Y.1981); *Cris-Craft Industries, Inc. v. Piper Aircraft Corp.,* 384 F.Supp. 507, 526 (S.D.N.Y. 1974).[1]

Plaintiffs in *Olsen v. Shell Oil Co.,* 708 F.2d 976 (5th Cir.1983), sued under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1356 (1982), for injuries and deaths that occurred on a drilling platform ninety miles off the coast of Louisiana. Under the OCSLA, federal law governs fixed structures erected on the outer continental shelf. The OCSLA declares that where federal law is incomplete, the law of the state within which the structure would be located if the state's boundaries were extended seaward is to be applied as federal law. See 43 U.S.C. § 1333(a)(2)(A) (1982). The court reviewed several cases applying § 1961 to OCSLA cases and adopted the "better view" that § 1961 does not prevent a trial judge from granting prejudgment interest where such an award is justified by "other principles of law."[2]

In the oft cited case of *Moore-McCormack Lines, Inc. v. Richardson,* 295 F.2d

---

1. These cases, including *Bricklayers,* all involved prejudgment interest on liquidated damages. Arguably, they are unlike the present case involving unliquidated damages for personal injuries. For reasons more fully developed later in this opinion, the distinction between liquidated and unliquidated damages is not helpful in resolving the present controversy. Moreover, several courts have granted prejudgment interest in personal injury cases arising under federal law. *See, e.g., Olsen v. Shell Oil Co., infra; Moore-McCormack Lines v. Richardson, infra; Cf. General Motors Corp. v. Devex Corp., infra* (United States Supreme Court granted prejudgment interest on unliquidated damages for patent infringement).

2. *Id.* at 984. Under the OCSLA, federal law incorporated Louisiana law. The court concluded, therefore, that a Louisiana statute granting prevailing personal injury plaintiffs prejudgment interest justified such an award in the plaintiffs' OCSLA action. In the present case, the FELA does not incorporate the law of any particular state. Nonetheless, the prevailing trend, grounded in sound equitable and policy considerations, allows prejudgment interest. *See infra* at note 10.

583, 592–595 (2d Cir.1961), *cert. denied,* 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962), the Second Circuit recognized that § 1961 does not foreclose prejudgment interest on personal injury awards. Claimants there brought an admiralty action under the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.,* seeking damages for personal injuries sustained when a steamship capsized. The court rejected the "hoary distinction" between liquidated and unliquidated damages and found strong policy considerations supporting a prejudgment interest award. First, the court recognized that the purpose of the Death on the High Seas Act, like that of the FELA, was to provide full compensation to injured parties. Second, the court noted that claimants could not be fully compensated without prejudgment interest. Finally, the court sought to deter tactical use of delay by defendants.[3]

Examination of the FELA's legislative history suggests that awarding prejudgment interest in FELA cases would promote the beneficent purposes which gave rise to the Act. Congress enacted the FELA to broaden and clarify the law applicable to parties injured while working for railroads, and to abrogate the defenses of assumption of risk and contributory negligence in such cases. *See* Senate Judiciary Committee, Amending the Employers' Liability Act, S.Rep. No. 661, 76th Cong., 1st Sess. 2 (1939). In *Kernan v. American Dredging Co.,* 355 U.S. 426, 432, 78 S.Ct. 394, 398, 2 L.Ed.2d 382 (1958), the United States Supreme Court explained, "[I]t is clear that the general congressional intent was to provide liberal recovery for injured workers...."

Apparently Congress intended the FELA to replace and expand the state law rights of injured railroad employees. The Senate Judiciary Committee reported on an early version of the Act:

> "It is manifest from a consideration of the reports, both of the Senate and House committees, when the measure was pending before these bodies prior to its enactment, that the purpose of the statute was to extend and enlarge the remedy provided by law to employees engaged in interstate commerce in cases of death or injury to such employees while engaged in such service. No purpose or intent on the part of Congress can be found to limit or to take away from such an employee any right theretofore existing by which such employees were entitled to a more extended remedy than that conferred upon them by the Act."

Senate Judiciary Committee, Report on the 1910 Amendments to the Federal Employers' Liability Act, 45 Cong.Rec. 4048 (1910) (quoted in *Kozar v. Chesapeake and Ohio Railway Company,* 449 F.2d 1238, 1240 n. 1 (6th Cir.1971)).

Courts applying the FELA have recognized the underlying congressional intent by granting full recovery, liberally interpreting the Act to allow damages for medical and hospital expenses,[4] lost earnings,[5] loss of earning capacity,[6] pain and suffering,[7] fear and anxiety,[8] and aggravation of prior conditions.[9]

In addition to the non-FELA federal question cases allowing prejudgment interest, many states allow such awards. Several states have statutes granting prejudg-

---

**3.** *See also Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724, 728 (5th Cir.1980); *Petition of the City of New York,* 332 F.2d 1006 (2nd Cir.1964).

**4.** *DeWitt v. W. Pac. R.R. Co.,* 719 F.2d 1448 (9th Cir.1983) (damages for continuing medical expenses awarded); *Trowbridge v. Chicago & Ill. Midland Ry. Co.,* 131 Ill.App.2d 707, 263 N.E.2d 619 (1970).

**5.** *Trowbridge v. Chicago & Ill. Midland Ry. Co.,* 263 N.E.2d 619.

**6.** *Baker v. Baltimore & Ohio R.R. Co.,* 502 F.2d 638 (6th Cir.1974).

**7.** *Sleeman v. Chesapeake & Ohio R.R. Co.,* 290 F.Supp. 817 (W.D.Mich.1968).

**8.** *Hayes v. N.Y. Cent. R.R. Co.,* 311 F.2d 198 (2d Cir.1962).

**9.** *Holladay v. Chicago, Burlington & Quincy R.R. Co.,* 255 F.Supp. 879 (S.D.Iowa 1966).

ment interest in personal injury cases as a matter of right.[10] Other states allow prejudgment interest at the court's discretion.[11]

The legislative history and subsequent judicial applications of the FELA demonstrate that granting prejudgment interest in FELA cases would promote the policies underlying the Act. Under *Rodgers v. United States, supra,* and the above cited cases allowing prejudgment interest, it seems clear that the law allows this court to exercise equitable powers in the present case to grant prejudgment interest if that course is the one most consistent with justice and with Congress' intent in adopting the FELA.

The cases that have denied prejudgment interest on FELA judgments [12] have analyzed the issue in two ways. Some have relied on the outdated argument that prejudgment interest may only be allowed on liquidated damages. They have reasoned that because personal injury damages are not "liquidated" until the jury returns its verdict, prejudgment interest is not appropriate. *See, e.g., Chicago, M., St. P. & P. R. Co. v. Busby,* 41 F.2d 617, 619 (9th Cir.1930).

Other cases have held that § 1961's silence with respect to prejudgment interest precludes such awards. *See, e.g., Louisiana & Arkansas Ry. Co. v. Pratt,* 142 F.2d 847, 848 (5th Cir.1944). More recent decisions merely have followed earlier precedents without critical analysis or discussion of the issues in light of modern trends in the law. *See, e.g., Faulkenberry v. Louisiana & Arkansas Ry. Co.,* 551 F.2d 650, 651 (5th Cir.1977).

A 1968 opinion suggested that, "The case authorities [disallowing prejudgment interest] are somewhat ancient and ... at least a plausible argument could be made for the proposition that prejudgment interest could be awarded in FELA cases in the exercise of sound discretion by the trial court." *Gilroy v. Erie-Lackawanna Railroad Company,* 44 F.R.D. 3, 4–5 (S.D.N.Y.1968) (bracketed words added) (citing *Moore-McCormack Lines, Inc. v. Richardson, supra.*)

I conclude that the cases that have relied on a narrow reading of § 1961 to deny prejudgment interest are no longer authoritative. Moreover, the cases that have relied on the distinction between liquidated and unliquidated damages are devoid of any persuasive rationale.

The United States Supreme Court recently rejected the distinction between liquidated and unliquidated damages in *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 103 S.Ct. 2058, 2063, 76 L.Ed.2d 211 (1983). That case held a claim for prejudgment interest in a patent infringement case

---

**10.** Alaska Stat. § 45.45.010 (1980) (10.5% interest from date damages "are due," i.e. date cause of action accrued); Colo.Rev.Stat. § 13–21–101 (Supp.1983) (various rates of interest, some compound, and accruing from either date of cause of action or date action commenced, depending on when action filed and whether judgment appealed); La.Rev.Stat.Ann. § 13:4203 (1968) (date complaint filed in tort cases); Me. Rev.Stat.Ann. tit. 14, § 1602 (Supp.1980) (8% from date complaint filed in non-contract actions, except interest suspended if prevailing party obtains continuance of more than 30 days); Mass.Ann.Laws Ch. 231, § 6B (Michie/Law. Co-op Supp.1983) (12% for personal injury damages from date action commenced); Mich.Comp.Laws Ann. § 600.6013 (1983) (from date complaint filed, at 6% to June 1, 1980, and 12% thereafter, compounded annually); N.H. Rev.Stat.Ann. Ch. 524:1–b (1974) (damages for personal injury or wrongful death from date of writ or petition filed); N.Y.Est.Powers & Trusts Law § 5–4.3 (McKinney 1983) (interest from date of death in wrongful death cases); Okl.Stat. Ann. tit. 12, § 727(2) (West Supp.1983) (for personal injuries, 15% from date suit commenced, except 10% against state, counties, and municipalities); P.R.Laws Ann. tit. 32, App. II, R. 44.-4(e) (1969) (interest from date complaint filed); R.I.Gen. laws § 9–21–10 (Supp.1980) (12% from date cause of action accrued; N.J.Ct.R. 4:42–11(b); (interest from later of date of filing or six months after tort).

**11.** *See* Md.Cts. and Jud.Proc.Code Ann. § 11–301 (Supp.1981) (Automobile liability claims, up to 10%, from filing of action if defendant caused unnecessary delay); S.D. Codified Laws Ann. § 21–1–13 (Supp.1981). *See also* Annot., 96 A.L.R.2d 1104, 1115 (1964).

**12.** Annot., 96 A.L.R.2d 1104 (1964); Annot., 153 A.L.R. 857 (1944).

was not barred by the common law rule allowing interest only from the date on which damages become liquidated. The Court explained:

"The traditional view, which treated prejudgment interest as a penalty awarded on the basis of the defendant's conduct, has long been criticized on the ground that prejudgment interest represents 'delay damages' and should be awarded as a component of full compensation. See D. Dobbs, Law of Remedies § 3.5, at 174; C. McCormick, Law of Damages § 51, at 206–211 (1935); 'Prejudgment Interest: An Element of Damages Not To Be Overlooked,' 8 Cumberland L.Rev. 521 (1977). A rule denying prejudgment interest not only under-compensates the patent owner but may also grant a windfall to the infringer and create an incentive to prolong litigation. There is no reason why an infringer should stand in a better position than a party who agrees to pay a royalty and then fails to pay because of financial difficulties."

*Id.*, 103 S.Ct. at 2063 n. 10. *See also Funkhouser v. J.B. Preston Co.*, 290 U.S. 163, 168, 54 S.Ct. 134, 136, 78 L.Ed. 243 (1933).

In *Moore-McCormack Lines, Inc. v. Richardson, supra,* the Second Circuit examined the questionable theoretical underpinnings supporting the distinction between liquidated and unliquidated damages:

"Interest was never refused on unliquidated claims from any doubt that some financial loss is actually suffered from delay in receiving money. Theoretically, refusal was based on the concept that interest was payable only on a "debt" and that no debt could be due until the liability had been fixed. See *Frazer v. Bigelow Carpet Co.*, 1886, 141 Mass. 126, 4 N.E. 620. McCormick traces the distinction to a survival of the medieval distaste for interest as 'usurious.' McCormick, Damages, §§ 51, 55 (1935 Ed.). A further explanation sometimes advanced is that a debtor should not be burdened with pre-judgment interest upon an obligation so nebulous that he must necessarily look to the courts to fix

its scope. Similar considerations would, however, seem to support the disallowance of pre-judgment interest where liability is in doubt as to a 'liquidated' claim. But since the courts have not seen fit to deny pre-judgment interest in the latter case, we see no reason why they should not grant it in the former."

*Id.* at 594. *See also Olsen v. Shell Oil Co., supra,* where the Fifth Circuit upheld prejudgment interest on a personal injury judgment. Clearly, the better reasoned cases are those which have abandoned the distinction between liquidated and unliquidated claims.

■ Unpersuaded by earlier FELA decisions denying prejudgment interest, I turn to the strong policy considerations suggesting that such awards are appropriate. Two such considerations are paramount: fairness and efficiency.

Granting prejudgment interest to prevailing FELA plaintiffs would promote fairness in two ways. First, full compensation to an injured worker requires compensation from the date of the injury. Following an injury, a worker incurs expenses immediately. Medical bills, loss of earnings, pain requiring medication, and the expense of supporting one's self and family do not wait patiently for the date judgment is entered and then present themselves. Rather, a seriously injured worker faces substantial, extraordinary expenses from the day of the injury, and often must borrow money at interest to pay them. Courts cannot go about the practical business of tailoring remedies to fit wrongs as if blindly oblivious to the obvious. In fact courts have become part of the problem as our burgeoning caseloads and resulting delays have prolonged the privations and heaped up the hardships inflicted on injured workers and their families.

Second, as the Alaska Supreme Court aptly pointed out in *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970), an injured worker's damages should not depend on the mere fortuity of when the case goes to trial. Two railroad employees suffering

identical injuries on the same day could recover significantly different actual economic benefits even if their respective jury verdicts were for identical dollar amounts, where, by some not uncommon happenstance, one case might get to trial a year, or several years, ahead of the other. One need not be an econometrician to know that a sum of money in hand today is worth more than the right to receive the same sum a year, or a few years, later. A society governed by the rule of law, and priding itself on equally applying the same rules to all, should not tolerate the rule of happenstance in setting the *actual* compensation for victims of railway accidents.

Equally compelling considerations of judicial efficiency support prejudgment interest awards. Chronic court case overloads and delay are epidemic. Depriving an injured worker of the right to interest on the debt created with his injury, merely encourages defendants to put off the day of judgment as long as possible. Even where liability is clear, and all anticipate settlement without trial, defendants are encouraged to prolong pretrial litigation. They have nothing to lose. With prime interest rates that at times have exceeded 20%, a few years of delay, while investing funds that rightfully belong to the injured worker, can largely offset any actual economic impact to the defendant. Incentives to delay breed the paper wars that so waste and wear down judges, lawyers and litigants. Courthouse steps settlements, after unnecessary expenditure of time and resources, should not be encouraged by a rule governing interest.

Even in disputed liability cases, where trial may be inevitable, denying prejudgment interest merely teaches defendants to postpone trial as long as possible. Courts already inundated by a tide of tactical motions ought to minimize incentives to file those motions. They cause delay not only in the case where they are filed, but in other cases in that court, for a judge already overcommitted can find time to consider such motions only by taking it from other cases. A rule which tempts litigants to seek delay by granting them the certain temporary investment income of funds in dispute undermines sound judicial administration.

In summary, allowing prejudgment interest would promote the policies underlying the FELA. Such awards are not precluded by either § 1961 or the cases relying on the antique distinction between liquidated and unliquidated damages. In the interest of fairness and efficiency, therefore, prejudgment interest should be allowed in FELA cases.

Accordingly,

IT IS ORDERED that the plaintiff's judgment be amended to include prejudgment interest from the date of the injury at the rate set by federal law for interest on judgments.